■ ROMAN SHPIZEL et al., Appellants, v REO REALTY AND CONSTRUCTION COMPANY, Respondent. [733 NYS2d 196] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Belen, J.), dated August 17, 2000, as granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action pursuant to Labor Law § 240 (1), and denied their cross motion for partial summary judgment on the issue of liability on that cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

In support of its motion for summary judgment, the defendant submitted the deposition testimony of the injured plaintiff and his supervisor, which indicated that the injured plaintiff fell from a ladder while he was removing several acoustic tiles from a drop ceiling so that an engineer could inspect the condition of the ceiling above in connection with an upcoming renovation project. This evidence demonstrated that the injured plaintiff was engaged in an inspection carried out prior to construction, rather than in demolition, alteration, or some other type of activity that is covered under Labor Law § 240 (1) (*see, Martinez v City of New York*, 93 NY2d 322, 326; *Hernandez v Board of Educ.*, 264 AD2d 709, 710; *Luthi v Long Is. Resource Corp.*, 251 AD2d 554, 555).

In opposition to the defendant's motion and in support of their cross motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), the plaintiffs submitted an affidavit of the injured plaintiff which directly contradicted his deposition testimony by reciting that he was engaged in the wholesale demolition and removal of the drop ceiling. This submission clearly constituted an attempt to avoid the consequences of his prior deposition testimony by raising feigned issues of fact, and was insufficient to avoid summary judgment (*see, e.g., Bloom v La Femme Fatale*, 273 AD2d 187; *Buziashvili v Ryan*, 264 AD2d 797; *Califano v Campaniello*, 243 AD2d 528; *Prunty v Keltie's Bum Steer*, 163 AD2d 595).

The Supreme Court, therefore, properly determined that the injured plaintiff was not involved in construction, demolition, renovation, alteration or any other type of protected activity under Labor Law § 240 (1). O'Brien, J. P., McGinity, H. Miller and Adams, JJ., concur.