OPINION OF THE COURT
 

 Graffeo, J.
 

 Labor Law § 240 (1) protects workers from elevation-related hazards when they are injured while involved in certain enumerated work activities, including the demolition or alteration of a building or structure. In this appeal, we conclude that plaintiff was engaged in work activities that constituted an alteration of a building within the ambit of the statute, and he is therefore entitled to partial summary judgment on section 240 (1) liability.
 

 Plaintiff Andrew W. Panek was an engineer technician employed by the Federal Aviation Administration (FAA) at the Albany International Airport. The FAA leased an air traffic control tower from defendant County of Albany Airport Authority, which operates the facility for defendant County of Albany. As part of a major renovation project at the airport, a new air traffic control tower was built and placed in service in February 1999. The Authority issued a contract for the demolition of the old tower, scheduled to begin in April 1999.
 

 After commencing operations in the new tower, the FAA instructed plaintiff to remove two air handlers from the old tower’s cooling system. The air handlers weighed approximately 200 pounds each and were affixed with bolts to an I-beam on the second-floor ceiling of the tower. To facilitate removal of the air handlers, plaintiff spent two days dismantling the cooling system. For the actual air handler detachment, plaintiff placed a lift beneath one handler and positioned the lift to elevate the handler and decrease the pressure on the bolts connected to the I-beam. Assisted by a coworker, plaintiff cranked the lift into the proper position. Then, plaintiff ascended an eight-foot fiberglass stepladder, owned by the FAA, in order to reach the bolts. From his stance about four feet up the ladder, plaintiff loosened one bolt at a time, descending and repositioning the ladder after each bolt. In this manner, the air handler would be released onto the lift and lowered to the floor.
 

 On March 25, 1999, his third day of work on this project, plaintiff successfully removed the first handler and was discon
 
 *456
 
 necting the second when he fell from the ladder. As he was falling, plaintiff grabbed a cable tray that was suspended from the ceiling. Plaintiff’s coworker heard plaintiff yell and turned in time to see the ladder fall away, leaving plaintiff hanging from the cable tray. The cable tray collapsed and plaintiff fell, sustaining injuries.
 

 Plaintiff brought this action against the County and the Authority alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6), and his wife brought a derivative claim. At the close of discovery, plaintiff moved for partial summary judgment regarding section 240 (1) liability, arguing that he was involved in work incidental to the upcoming demolition of the old tower or, alternatively, that the removal of the air handlers constituted an alteration of the tower, either activity falling within the scope of the statute. In addition, plaintiff claimed that the ladder failed to provide him with proper protection because it was misplaced, unbalanced or inadequately secured. Defendants cross-moved for summary judgment dismissing all claims, urging that plaintiff’s work was not encompassed within section 240 (1) protections because removal of the air handlers was not part of the separately-contracted future demolition project and that the salvaging of the air handlers did not constitute an alteration of the building.
 

 Supreme Court granted plaintiff’s motion and denied defendants’ cross motion. Although it rejected plaintiffs demolition argument, the court concluded that plaintiff was engaged in an alteration activity at the time of his accident. The Appellate Division reversed and granted defendants’ cross motion, dismissing the complaint. With respect to plaintiffs section 240 (1) cause of action, the Court agreed with Supreme Court that plaintiff was not engaged in demolition work, but found that plaintiffs work assignment did not constitute “altering.” Reasoning that the statute necessarily contemplates the continued use of the building after completion of any enumerated activities, the Appellate Division held that the tower’s scheduled demolition precluded a determination that plaintiff was engaged in an alteration activity, even if the removal of the air handler resulted in significant physical change to the building. We disagree with this rationale and therefore reverse.
 

 Labor Law § 240 (1) provides, in relevant part:
 

 “All contractors and owners and their agents * * * in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or
 
 *457
 
 structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, * * * and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.”
 

 We have repeatedly observed that the purpose of the statute is to protect workers by placing ultimate responsibility for safety practices on owners and contractors instead of on workers themselves
 
 (see Martinez v City of New York,
 
 93 NY2d 322, 325-326 [1999];
 
 Zimmer v Chemung County Performing Arts,
 
 65 NY2d 513, 520 [1985],
 
 rearg denied
 
 65 NY2d 1054 [1985]). Consistent with this objective, the section imposes absolute liability on owners, contractors and their agents for any breach of the statutory duty that proximately causes a plaintiff’s injury. As a result, this strict liability provision “is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed”
 
 (Gordon v Eastern Ry. Supply,
 
 82 NY2d 555, 559 [1993]). The critical inquiry in determining coverage under the statute is “what type of work the plaintiff was performing at the time of injury”
 
 (Joblon v Solow,
 
 91 NY2d 457, 465 [1998]).
 

 Both courts below rejected plaintiff’s claim that his efforts to remove the air handlers fall under the statutory category of demolition. We concur with this assessment. In
 
 Martinez,
 
 we concluded that section 240 (1) afforded no protection to a plaintiff injured before* any activity listed in the statute was under way
 
 (see
 
 93 NY2d at 326). In this case, defendants contracted with a third party for the demolition of the tower, and plaintiff’s removal of the FAA air handlers was to be completed before the commencement of any work by the demolition contractor. Indeed, defendants delayed the demolition work to accommodate FAA requests to remove property prior to the destruction of the old tower. Under these circumstances, plaintiff, who had no relationship with the third-party contractor and was injured two weeks before demolition was scheduled to begin, was not engaged in demolition work for section 240 (1) purposes.
 

 We decline, however, to adopt the Appellate Division’s reasoning that the tower’s impending demolition forecloses a determination that plaintiff was performing duties in the nature of an alteration as contemplated by section 240 (1). In
 
 Johlon v Solow
 
 (91 NY2d 457 [1998]), we held that “altering” within the meaning of the statute “requires making a
 
 signifi
 
 
 *458
 

 cant
 
 physical change to the configuration or composition of the building or structure” and does not encompass simple, routine activities such as maintenance and decorative modifications
 
 (id.
 
 at 465 [emphasis in original]). There, we concluded that the plaintiff electrician’s efforts to install an electric wall clock, which required that he and a coworker extend electrical wiring from an adjacent room through holes chiseled in a concrete wall, was “significant enough” to constitute an alteration
 
 (id.).
 
 Similarly, in
 
 Weininger v Hagedorn & Co.
 
 (91 NY2d 958 [1998],
 
 rearg denied
 
 92 NY2d 875 [1998]), we upheld a plaintiff’s section 240 (1) alteration claim based on injuries he sustained in a fall from a ladder while running computer and telephone cable through the ceiling and into a newly-acquired space.
 

 Here, plaintiff was clearly engaged in a significant physical change to the building when he was injured, thus satisfying the
 
 Joblon
 
 standard for an alteration. The removal of the two 200-pound air handlers required two days of preparatory labor, including the dismantling of electrical and plumbing components of the cooling system, and involved the use of a mechanical lift to support the weight of the air handlers. That plaintiff performed this substantial modification on a building ultimately scheduled for demolition does not change the nature of the work project at the time of his accident
 
 (see Joblon,
 
 91 NY2d at 465).
 

 We further reject defendants’ argument that summary judgment is inappropriate in these circumstances. Plaintiffs allegation that the ladder “gave way” or collapsed beneath him, causing him to fall, was uncontested. As such, defendants failed to create an issue of fact regarding proximate causation
 
 (see Gordon v Eastern Ry. Supply,
 
 82 NY2d 555, 561-562 [1993];
 
 see also Weininger v Hagedorn & Co.,
 
 91 NY2d 958, 960 [1998]).
 

 In light of the revival of his section 240 (1) cause of action, we need not address plaintiffs argument regarding his Labor Law § 241 (6) claim.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the order of Supreme Court reinstated.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Rosenblatt and Read concur.
 

 Order reversed, etc.