■ SECUNDINO LEZCANO et al., Respondents, v METROPOLITAN LIFE INSURANCE COMPANY et al., Appellants, et al., Defendant. [782 NYS2d 451]—

Amended judgment, Supreme Court, New York County (Jacqueline W. Silbermann, J.), entered February 11, 2004, which, after a jury trial, awarded plaintiffs damages in accordance with CPLR article 50-B, unanimously affirmed, without costs.

There was unrebutted testimony at trial that plaintiff Secundino was injured when he fell from a scaffold not equipped with guardrails or other protective devices. Labor Law § 240 (1) imposes absolute liability on owners, contractors and their agents for any breach of the statutory duty that proximately causes a plaintiff's injury in these circumstances (*Panek v County of Albany*, 99 NY2d 452, 457 [2003]), a duty that is nondelegable (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500 [1993]). The failure of any party to produce another witness to the event is no basis for denying a directed verdict as to liability, absent a bona fide issue, based on more than speculation, as to the injured party's credibility (*Urrea v Sedgwick Ave. Assoc.*, 191 AD2d 319 [1993]). Defendants' liability was established as a matter of law by clear evidence that the injured worker had been provided a scaffold without guardrails or other protective devices that might have prevented his fall (*see Morrison v City of New York*, 306 AD2d 86 [2003]).

The jury's monetary awards do not deviate from what is reasonable compensation under the circumstances. Concur—Tom, J.P., Williams, Marlow and Sweeny, JJ.