WILLIAM JONES et al., Respondents-Appellants, v VILLAGE OF DANNEMORA et al., Appellants-Respondents, et al., Defendant. (And a Third-Party Action.) [811 NYS2d 186]—

Mercure, J. Cross appeals from a judgment of the Supreme Court (Ryan, J.), entered April 8, 2004 in Clinton County, which denied plaintiffs' motion for summary judgment and denied cross motions by defendants Village of Dannemora and Casella Transportation for summary judgment dismissing the complaint against them.

In May 1999, plaintiff William Jones (hereinafter plaintiff) was injured while working for Trimax Residuals Management, Inc. at the Village of Dannemora Waste Water Treatment Plant. Trimax was hired by defendant Village of Dannemora to remove and dewater sludge from the treatment plant's lagoon prior to another contractor's installation of a new aeration system in the lagoon. The removal process, which evidently took approximately 30 days, involved churning up the sludge in the lagoon, which would then be piped to a tank, dewatered by putting it through a centrifuge and deposited via a conveyer into trailers. Trimax subcontracted with defendant Casella Waste Transportation to transport the processed sludge and dispose of

it at a landfill. While standing on a ladder against the side of a trailer and raking down sludge, plaintiff fell when the truck hooked to the trailer rolled forward and pulled the trailer out from under the ladder.

In March 2000, plaintiff and his wife, derivatively, commenced this action against the Village, Casella and defendant Vermont Mack, the owner of the truck. As relevant here, plaintiffs alleged that the Village violated Labor Law § 240 (1) and, subsequently, moved for summary judgment on that claim. Both the Village and Casella cross-moved for summary judgment dismissing plaintiffs' complaint against them. Supreme Court denied the motions, and the parties appeal and cross-appeal. Inasmuch as plaintiff was not engaged in an enumerated activity under Labor Law § 240 (1) at the time of the accident, we now dismiss the complaint.

The critical inquiry in determining whether Labor Law § 240 (1) applies is "what type of work the plaintiff was performing at the time of injury" (*Joblon v Solow*, 91 NY2d 457, 465 [1998]). Plaintiffs maintain that the work performed at the time of the accident was undertaken in connection with the "lagoon system upgrade" and, thus, the work constituted altering or repairing within the meaning of Labor Law § 240 (1). That provision, however, "afford[s] no protection to a plaintiff injured before any activity listed in the statute was under way," even where the work is incidental or necessary to a larger project within the purview of the statute (*Panek v County of Albany*, 99 NY2d 452, 457 [2003]; *see Martinez v City of New York*, 93 NY2d 322, 326 [1999]; *see also Adair v Bestek Light. & Staging Corp.*, 298 AD2d 153, 153 [2002]; *Matter of Gorleski v Town of Halfmoon*, 281 AD2d 754, 756 [2001]). Here, the Village contracted with a third party to perform the separate phase of installing a new aeration system and components in the wastewater treatment plant lagoon. The dredging work undertaken by plaintiff's employer was not performed contemporaneously with the third-party contractor's upgrade of the aeration system and fell "into a separate phase easily distinguishable from other parts of the larger construction project" (*Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 881 [2003]; *see Panek v County of Albany, supra* at 457; *cf. Smith v Innovative Dynamics, Inc.*, 24 AD3d 1000 [2005]).

Moreover, the dredging work cannot, in itself, be considered repairing or altering. There is no indication that the lagoon was malfunctioning or inoperable as a result of the built-up sludge and, thus, the dredging cannot be deemed "repairing" (*see Smith v Shell Oil Co.*, 85 NY2d 1000, 1002 [1995]; *see also*

*Barbarito v County of Tompkins*, 22 AD3d 937, 938 [2005]). Further, inasmuch as the removal of sludge from the lagoon did not involve "making a *significant* physical change to the configuration or composition of the . . . structure," it cannot be deemed an alteration (*Joblon v Solow, supra* at 465; *see Adair v Bestek Light. & Staging Corp., supra* at 153; *Hargobin v K.A.F.C.I. Corp.*, 282 AD2d 31, 35 [2001]; *cf. Prats v Port Auth. of N.Y. & N.J., supra* at 882; *Panek v County of Albany, supra* at 457-458). Contrary to plaintiffs' argument, the fact that the dewatering process was "involved" and took over 30 days to complete does not bring this case within the confines of the statute (*see Detraglia v Blue Circle Cement Co.*, 7 AD3d 872, 873 [2004]; *Robertson v Little Rapids Corp.*, 277 AD2d 560, 561 [2000], *abrogated on other grounds by Goad v Southern Elec. Intl.*, 304 AD2d 887, 888 [2003]). In sum, because plaintiff was not engaged in an enumerated activity at the time of the accident, plaintiffs' Labor Law § 240 (1) claim must be dismissed.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as denied the cross motions of defendants Village of Dannemora and Casella Transportation; cross motions granted, summary judgment awarded to said defendants and complaint dismissed; and, as so modified, affirmed.