■ JOSE RIVERA, Respondent, v NATTIE SANTOS et al., Appellants, et al., Defendants. [827 NYS2d 222]—

In an action to recover damages for personal injuries, the defendants Nattie Santos, Ruby Santos, and Edmund Santos appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated June 26, 2006, as denied those branches of their cross motion which were

for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the cross motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against the appellants are granted.

On March 15, 2004 the plaintiff was injured while working on a vacant lot owned by the defendant Edmund Santos (hereinafter Santos), who had purchased the property from the defendants Nattie Santos and Ruby Santos in 2000 or 2001. Santos had retained the defendant Franciscan Construction Corp. (hereinafter Franciscan) to build a house on the property. However, before Franciscan began its work, Santos had separately retained the plaintiff's employer, A-Landscaping, to remove trees and plants from the lot. A-Landscaping completed its work before construction of the house began.

The plaintiff alleges that on the day of the accident, he was working with a coworker when Santos came to the property and told them to cut down a large tree. The plaintiff claims that he told Santos that a third person was required to perform such a job; however, Santos allegedly replied that a third person was unnecessary. Santos denies both the conversation as well as his being upon the property on the day of the accident.

In order to remove the tree, the coworker climbed up into the tree and began to cut branches while the plaintiff remained on the ground. In the process of cutting a large branch, the coworker tied the branch with a rope, looped the rope around another branch, and had the plaintiff hold onto one end of the rope. When the branch was cut, it was too heavy for the plaintiff to hold onto the rope. As a result, the plaintiff let go of the rope and the branch swung around and struck him in the stomach, causing injury.

The plaintiff commenced this action against the defendants alleging causes of action sounding in common-law negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6). The Supreme Court, inter alia, granted that branch of the appellants' cross motion which was to dismiss the causes of action sounding in common-law negligence and for violation of Labor Law § 200, but denied those branches seeking dismissal of the causes of action predicated upon the alleged violation of Labor Law § 240 (1) and § 241 (6) insofar as asserted against them.

To assert an actionable claim under Labor Law § 240 (1), a plaintiff must show that he was injured during "the erection

[or] demolition . . . of a building or structure" (Labor Law § 240 [1]; *see Martinez v City of New York*, 93 NY2d 322, 326 [1999]; *Keenan v Just Kids Learning Ctr.*, 297 AD2d 708 [2002]). Labor Law § 240 (1) provides "no protection to a plaintiff injured before any activity listed in the statute was under way" (*Panek v County of Albany*, 99 NY2d 452, 457 [2003]). In this case, the tree removal work was completed a few months before any house construction work commenced, and thus such removal work was "a separate phase easily distinguishable from other parts of the larger construction project" (*Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 881 [2003]; *see Beehner v Eckerd Corp.*, 3 NY3d 751, 752 [2004]; *Shpizel v Reo Realty & Constr. Co.*, 288 AD2d 291 [2001]). Accordingly, inasmuch as the plaintiff was not engaged in an enumerated activity within the purview of Labor Law § 240 (1) at the time of the accident, that branch of the motion of which was for summary judgment dismissing this cause of action should have been granted (*see Shpizel v Reo Realty & Constr. Co.*, 288 AD2d 291 [2001]).

The Supreme Court also should have dismissed the cause of action premised upon the appellants' alleged violation of Labor Law § 241 (6). To support a cause of action under Labor Law § 241 (6), a plaintiff must demonstrate that his injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the accident (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502 [1993]; *Ares v State of New York*, 80 NY2d 959, 960 [1992]; *Adams v Glass Fab*, 212 AD2d 972 [1995]). The violations alleged by the plaintiff in his complaint and the bill of particulars either do not provide a basis for liability under Labor Law § 241 (6) or are inapplicable to the facts of this case (*see Brunette v Time Warner Entertainment Co., L.P.*, 32 AD3d 1170 [2006]; *Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619 [2003]).

In light of our determination herein, it is unnecessary to reach the appellants' remaining contentions. Schmidt, J.P., Santucci, Krausman and Rivera, JJ., concur.