■ ADAM ENOS, Appellant, v WERLATONE, INC., et al., Defendants, and GLENN WERLAU et al., Respondents. [890 NYS2d 109]—

To successfully assert a cause of action under Labor Law § 240 (1), a plaintiff must establish that he or she was injured during "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Labor Law § 240 [1]; *see Wein v Amato Props., LLC,* 30 AD3d 506, 507 [2006]). The statute provides "no protection to a plaintiff injured before any activity listed in the statute was under way" (*Panek v County of Albany,* 99 NY2d 452, 457 [2003]). Here, the Supreme Court correctly granted that branch of the motion of the defendants Glenn Werlau and Christel Werlau (hereinafter the defendants) which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging a violation of Labor Law § 240 (1) since the provisions of that statute are inapplicable to the facts of this case. The plaintiff's injuries were not sustained while he engaged in any of the activities enumerated in the statute (*see Rivera v Santos,* 35 AD3d 700, 702 [2006]). The plaintiff allegedly was injured when the defendant Michael Werlau dropped a tree onto his back in the course of removing several trees from property owned by the defendant Christel Werlau, using equipment owned and leased by the defendant Glenn Werlau. Although the plaintiff asserted in his affidavit and moving papers that the tree removal was performed as part of a larger construction and renovation project, these assertions "were completely unsupported with evidence or specific factual references. Accordingly, such contentions were conclusory, [and] without probative value" (*Morales v Westchester Stone Co., Inc.,* 63 AD3d 805, 806 [2009]). Accordingly, the tree removal activity did not constitute an enumerated activity under the statute, and the plaintiff was not entitled to coverage under the statute (*see Schroeder v Kalenak Painting & Paperhanging, Inc.,* 7 NY3d 797 [2006]; *Martinez v City of New York,* 93 NY2d 322, 326

[1999]; *English v City of New York,* 43 AD3d 811 [2007]; *Holler v City of New York,* 38 AD3d 606 [2007]; *Rivera v Santos,* 35 AD3d at 702; *Rodriguez v 1-10 Indus. Assoc., LLC,* 30 AD3d 576 [2006]).

Moreover, the Supreme Court correctly dismissed the cause of action alleging a violation of Labor Law § 241 (6), since the provisions of that statute are also inapplicable to the facts of this case. Specifically, the accident did not arise from construction, excavation, or demolition work (*see* Labor Law § 241 [6]; *Nagel v D & R Realty Corp.,* 99 NY2d 98, 101 [2002]; *Gleason v Gottlieb,* 35 AD3d 355 [2006]). "To support a cause of action under Labor Law § 241 (6), a plaintiff must demonstrate that his injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the accident" (*Rivera v Santos,* 35 AD3d at 702). "[T]he courts have generally held that the scope of Labor Law § 241 (6) is governed by 12 NYCRR 23-1.4 (b) (13), which defines construction work expansively" (*Vernieri v Empire Realty Co.,* 219 AD2d 593, 595 [1995]). Nevertheless, although that regulation recites that construction work consists of "[a]ll work of the types performed in the construction, erection, alteration, repair, maintenance, painting or moving of buildings or other structures" (12 NYCRR 23-1.4 [b] [13]), tree removal alone does not fall within any of the enumerated categories. Accordingly, the cause of action alleging a violation of Labor Law § 241 (6) was properly dismissed.

In light of our determination, it is unnecessary to reach the plaintiff's remaining contentions. Rivera, J.P., Dickerson, Hall and Lott, JJ., concur.