■ Jose Martinez, Appellant-Respondent, v City of New York et al., Respondents-Appellants, and UUP, Inc., Respondent, et al., Defendants. (And a Third-Party Action.) [901 NYS2d 339]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), entered August 7, 2008, as granted those branches of the motion of the defendants GSF Energy, LLC, Fresh Gas, LLC, and DQE, and the cross motion of the defendant City of New York, which were for summary judgment dismissing the causes of action to recover damages for violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against each of them, and granted the separate cross motion of the defendant UUP, Inc., for summary judgment dismissing the complaint insofar as as-

serted against it, and the defendants GSF Energy, LLC, Fresh Gas, LLC, and DQE cross-appeal, as limited by their brief, from so much of the same order as denied those branches of their motion which were for summary judgment dismissing the causes of action to recover damages for a violation of Labor Law § 200 and common-law negligence insofar as asserted against them, and the defendant City of New York separately cross-appeals, as limited by its brief, from so much of the same order as denied those branches of its cross motion which were for summary judgment dismissing the causes of action to recover damages for a violation of Labor Law § 200 and common-law negligence insofar as asserted against it and on its cross claims for contractual and common-law indemnification asserted against the defendant GSF Energy, LLC.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendant UUP, Inc., payable by the plaintiff.

As the owner of the Fresh Kills Landfill in Staten Island, the defendant City of New York entered into a "Gas Rights Concession Agreement" in 1998 with the defendant GSF Energy, LLC (hereinafter GSF), a subsidiary of the DQE Financial Corp., sued herein as DQE (hereinafter DQE). Pursuant to this agreement, the City granted GSF the sole and exclusive right to conduct methane gas recovery operations at the landfill, and to sell the collected landfill gas and gas products to third parties. GSF then contracted with the defendant Fresh Gas, LLC (hereinafter Fresh Gas), for the sale of all collected landfill gas. GSF also contracted with the plaintiff's employer, Waste Energy Technology, LLC (hereinafter WET), to, among other things, operate, monitor, and maintain the gas recovery facilities at the landfill, including the onsite "flare stations" where the collected gas was burned.

In 2001 GSF subcontracted with the defendant UUP, Inc. (hereinafter UUP), to have UUP upgrade the gas collection facilities by installing, among other things, refrigeration units and accompanying piping systems designed to cool collected gas at the flare stations. Before any alterations could be made to the flare stations, gas flow to the burners had to be stopped so that the new equipment could be joined to the existing equipment without causing a gas leak or explosion. This was done, in part, by manually closing certain valves in the existing gas lines, a process performed by WET, the plaintiff's employer.

On the day of the accident, the plaintiff's supervisor instructed him to assist in turning all of the valve wheels at one of the flare stations to the closed position, so that UUP could begin its

work. According to the plaintiff, one of the valve wheels was located approximately 18 feet above the ground. In order to reach this valve wheel, the plaintiff climbed onto the existing horizontally installed gas pipes, and began to turn the valve wheel. The plaintiff alleged that the wheel eventually broke off its shaft and caused him to fall to the ground, resulting in personal injuries. Although some of the elevated valve wheels at the flare station could be operated from ground level by pulling on a chain mechanism attached to the wheel itself, the one which the plaintiff was turning by hand at the time of his accident did not.

The plaintiff commenced this action against, among others, the City, GSF, Fresh Gas, DQE, and UUP, alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6) and common-law negligence. GSF, Fresh Gas, and DQE moved for summary judgment dismissing the complaint insofar as asserted against them. UUP cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The City also cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it, and on its cross claim for common-law and contractual indemnification. GSF, Fresh Gas, and DQE thereafter separately cross-moved for summary judgment on their cross claim for contractual indemnification asserted against the City.

The Supreme Court granted those branches of the motion of the defendants GSF, Fresh Gas, and DQE which were for summary judgment dismissing the plaintiff's Labor Law § 240 (1) and § 241 (6) causes of action insofar as asserted against them, but denied those branches of the same motion which were for summary judgment dismissing the plaintiff's Labor Law § 200 and common-law negligence causes of action insofar as asserted against them. The Supreme Court also granted those branches of the City's cross motion which were for summary judgment dismissing the plaintiff's Labor Law § 240 (1) and § 241 (6) causes of action insofar as asserted against it, but denied those branches of the same cross motion which were for summary judgment dismissing the plaintiff's Labor Law § 200 and common-law negligence causes of action insofar as asserted against it and on its cross claims for contractual and common-law indemnification asserted against GSF. The Supreme Court granted UUP's cross motion in its entirety, awarding it summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court also denied the separate cross motion of the defendants GSF, Fresh Gas, and DQE for summary judgment on their cross claim against

the City for contractual indemnification. The plaintiff appeals. GSF, Fresh Gas, and DQE cross-appeal, and the City separately cross-appeals. We affirm the order insofar as appealed and cross-appealed from.

"While the reach of section 240 (1) is not limited to work performed on actual construction sites, the task in which an injured employee was engaged must have been performed during the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (*Martinez v City of New York*, 93 NY2d 322, 326 [1999] [citation and internal quotation marks omitted]; *see LaGiudice v Sleepy's Inc.*, 67 AD3d 969, 970-971 [2009]; *Karaktin v Gordon Hillside Corp.*, 143 AD2d 637, 638 [1988]). The statute provides "no protection to a plaintiff injured before any activity listed in the statute was under way" (*Panek v County of Albany*, 99 NY2d 452, 457 [2003]; *see Enos v Werlatone, Inc.*, 68 AD3d 713 [2009]). Although the act of closing the gas valve may have been necessary in order for UUP to begin its renovation work at the flare station, Labor Law § 240 (1) affords the plaintiff no protection in this case, as he had closed similar valves in the past as part of his regular maintenance duties as an employee of WET (*see Petermann v Ampal Realty Corp.*, 288 AD2d 54, 55 [2001]), and his work was to be completed before the commencement of work by the subcontractor UUP (*see Panek v County of Albany*, 99 NY2d at 457; *Enos v Werlatone, Inc.*, 68 AD3d 713 [2009]; *Karaktin v Gordon Hillside Corp.*, 143 AD2d at 638). Moreover, neither the plaintiff nor his employer had been contracted to perform the renovation work at the flare station, nor was the plaintiff permitted or suffered to perform the renovation work at issue here (*see Spadola v 260/261 Madison Equities Corp.*, 19 AD3d 321, 322-323 [2005]; *Petermann v Ampal Realty Corp.*, 288 AD2d at 55; *Paradise v Lehrer, McGovern & Bovis*, 267 AD2d 132, 133-134 [1999]). As such, the plaintiff cannot be regarded as a person "employed" to perform an activity enumerated under Labor Law § 240 (1) (*see Martinez v City of New York*, 93 NY2d at 326). Accordingly, the Supreme Court properly granted those branches of the respective motions and cross motions which were for summary judgment dismissing the Labor Law § 240 (1) cause of action.

Moreover, the provisions of Labor Law § 241 (6) also are inapplicable to the facts of this case. Specifically, the accident did not arise from construction, excavation, or demolition work (*see* Labor Law § 241 [6]; *Nagel v D & R Realty Corp.*, 99 NY2d 98, 101 [2002]; *Enos v Werlatone, Inc.*, 68 AD3d 713 [2009]). "To support a cause of action under Labor Law § 241 (6), a plaintiff

must demonstrate that his injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the accident" (*Rivera v Santos*, 35 AD3d 700, 702 [2006]). "[T]he courts have generally held that the scope of Labor Law § 241 (6) is governed by 12 NYCRR 23-1.4 (b) (13), which defines construction work expansively" (*Vernieri v Empire Realty Co.*, 219 AD2d 593, 595 [1995]). Nevertheless, although that regulation recites that construction work consists of "[a]ll work of the types performed in the construction, erection, alteration, repair, maintenance, painting or moving of buildings or other structures" (12 NYCRR 23-1.4 [b] [13]), for the reasons stated above, the act of closing the valve in this case does not fall within any of the enumerated categories. Accordingly, the Supreme Court properly granted those branches of the respective motions and cross motions which were for summary judgment dismissing the Labor Law § 241 (6) cause of action.

The Supreme Court properly denied that branch of the City's cross motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it. Labor Law § 200 (1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343 [1998]; *Chowdhury v Rodriguez*, 57 AD3d 121, 127-128 [2008]; *Ortega v Puccia*, 57 AD3d 54, 60-61 [2008]). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (*Ortega v Puccia*, 57 AD3d at 61; *see Chowdhury v Rodriguez*, 57 AD3d at 128). Where, as here, a plaintiff's injuries arise not from the manner in which the work was being performed, but rather from an allegedly dangerous condition on the property, including a defect in part of its "plant," such as an elevated valve wheel with no chain mechanism allowing for ground level operation, a property owner will be liable under a theory of common-law negligence, as codified by Labor Law § 200, only when the owner created the complained-of condition, or when the owner failed to remedy a dangerous or defective condition of which it had actual or constructive notice (*see Barillaro v Beechwood RB Shorehaven, LLC*, 69 AD3d 543 [2010]; *LaGiudice v Sleepy's Inc.*, 67 AD3d 969, 972 [2009]; *Bridges v Wyandanch Community Dev. Corp.*, 66 AD3d 938, 940 [2009]; *Chowdhury v Rodriguez*, 57 AD3d at 130; *Kerins v Vassar Coll.*, 15 AD3d 623, 625-626 [2005]). Here, in support of its cross motion, the City submitted evidence focusing exclusively

upon its alleged lack of supervision of, or control over, the plaintiff's work. As that element is only relevant to owners in cases where the injury arises from the manner in which the work is performed (*see Ortega v Puccia*, 57 AD3d at 60-63), the Supreme Court properly determined that the City failed to meet its prima facie burden on that branch of its cross motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it (*see Barillaro v Beechwood RB Shorehaven, LLC*, 69 AD3d 543 [2010]; *Aguilera v Pistilli Constr. & Dev. Corp.*, 63 AD3d 763, 764 [2009]; *Mikhaylo v Chechelnitskiy*, 45 AD3d 821 [2007]).

Similarly, where a plaintiff's injuries stem not from the manner in which the work was being performed, but, rather, from a dangerous condition on the premises, a general contractor may be liable in common-law negligence and under Labor Law § 200 only if it had control over the work site and either created the dangerous condition or had actual or constructive notice of it (*see Bridges v Wyandanch Community Dev. Corp.*, 66 AD3d at 940; *Van Salisbury v Elliott-Lewis*, 55 AD3d 725, 726 [2008]; *Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 708 [2007]; *Kerins v Vassar Coll.*, 15 AD3d at 625-626). Here, DQE, which submitted evidence demonstrating that it employed a "site coordinator" at the landfill to whom the plaintiff was required to report, failed to establish, as a matter of law, that it did not have control over the work site or notice of the dangerous condition. Moreover, since neither GSF nor Fresh Gas produced a witness or employee affidavit of its own in support of that branch of their motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against them, the Supreme Court properly denied that branch of the motion (*see Dooley v Peerless Importers, Inc.*, 42 AD3d 199, 205 [2007]).

The evidence relied upon by UUP established that UUP, as the subcontractor, did not have authority to supervise or control the work site where the plaintiff's injury occurred (*see Torres v LPE Land Dev. & Constr., Inc.*, 54 AD3d 668, 669 [2008]). Accordingly, the Supreme Court properly granted UUP's motion for summary judgment dismissing the complaint insofar as asserted against it (*see Caballero v Benjamin Beechwood, LLC*, 67 AD3d 849, 852 [2009]; *Tomyuk v Junefield Assoc.*, 57 AD3d 518, 521 [2008]; *Kehoe v Segal*, 272 AD2d 583 [2000]).

The Supreme Court properly denied that branch of the City's cross motion which was for summary judgment on its cross claim for contractual and common-law indemnification. "The

right to contractual indemnification depends upon the specific language of the contract" (*George v Marshalls of MA, Inc.*, 61 AD3d 925, 930 [2009]; *see Canela v TLH 140 Perry St., LLC*, 47 AD3d 743, 744 [2008]). Here, the indemnification provision in the "Gas Rights Concession Agreement" required GSF to indemnify the City for claims arising out of the negligence of GSF or its subcontractors. Since it has not been determined whether GSF was negligent, an award of summary judgment on the contractual indemnification cross claim would be premature (*see Quiroz v Beitia*, 68 AD3d 957, 961 [2009]; *D'Angelo v Builders Group*, 45 AD3d 522 [2007]; *Farduchi v United Artists Theatre Circuit, Inc.*, 23 AD3d 613 [2005]). Furthermore, because the City failed to demonstrate that it was not negligent as a matter of law, an award of summary judgment was similarly premature as to its cross claim for common-law indemnification asserted against GSF (*see Nasuro v PI Assoc., LLC*, 49 AD3d 829 [2008]; *Benedetto v Carrera Realty Corp.*, 32 AD3d 874 [2006]; *Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 684-685 [2005]). Skelos, J.P., Santucci, Lott and Sgroi, JJ., concur.
**[Prior Case History: 20 Misc 3d 1145(A), 2008 NY Slip Op 51882(U).]**