■ JERRY CROSSETT, Appellant, v WING FARM, INC., et al., Respondents. [912 NYS2d 751]—

Spain, J. Appeal from an order of the Supreme Court (Demarest, J.), entered August 31, 2009 in St. Lawrence County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff was injured on August 30, 2005 when a tree limb fell on him while he was working with coworkers on a tree removal project undertaken by the St. Lawrence County Highway

Department. The tree removal accident occurred on land owned by defendant Wing Farm, Inc., whose treasurer, defendant Stephen Wing (hereinafter Wing), had granted the request of the highway department to remove a tree on Wing Farm's property. The County told Wing that a beauty salon was being built on adjacent land and that the tree obstructed the view from the future salon's new driveway (or roadway) for those exiting onto the highway. At the time of the accident, plaintiff was standing at the base of a tree retrieving branches and running them through a chipper shredder when a limb fell and struck his head and neck.

Plaintiff commenced this action against defendants asserting causes of action for common-law negligence and violations of Labor Law §§ 200, 240 and 241. Supreme Court granted defendants' motion for summary judgment dismissing the complaint. Plaintiff appeals, challenging only the dismissal of his Labor Law § 240 (1) and § 241 (6) claims. We affirm.

Initially, notwithstanding defendants' failure to annex the pleadings to their motion as required by CPLR 3212 (b), which ordinarily necessitates denial of the motion without prejudice (*see Bonded Concrete v Town of Saugerties*, 3 AD3d 729, 730 [2004], *lv dismissed* 2 NY3d 793 [2004]), the failure to do so will be excused in this case given plaintiff's submission of the pleadings in opposition. As such, "the record on appeal is sufficiently complete to address the merits" (*Sanacore v Sanacore*, 74 AD3d 1468, 1469 [2010]).

On the merits as limited by plaintiff's brief, defendants established their entitlement to summary judgment dismissing plaintiff's Labor Law § 240 (1) and § 241 (6) claims (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). As a threshold matter, we are not persuaded by defendants' argument that they qualified for the homeowner exemption from liability (*see* Labor Law § 240 [1]; § 241 [6]), which is inapplicable to owners who use their house solely for commercial purposes, including use as rental property (*see Van Amerogen v Donnini*, 78 NY2d 880, 882-883 [1991]; *Nudi v Schmidt*, 63 AD3d 1474, 1475 [2009]; *see also Lombardi v Stout*, 80 NY2d 290, 296-297 [1992]). Wing's affidavit and testimony established that there were two single-family homes on Wing Farm's 300-acre parcel, one of which, at the time of the accident, was rented to a long-term tenant and the other occupied by a nonpaying caretaker who oversaw the property. Thus, defendants did not meet their burden of establishing entitlement to this exemption (*see Lombardi v Stout*, 80 NY2d at 297).

With regard to Labor Law § 240 (1), plaintiff was required to

establish that he was injured during "the erection, demolition, repairing, altering, painting, cleaning or pointing *of a building or structure*" (emphasis added). Under settled law, "[a] tree is clearly not a 'building' or a 'structure' . . . ; it is a product of nature" (*Lombardi v Stout*, 80 NY2d at 295-296; *see Lewis-Moors v Contel of N.Y.*, 78 NY2d 942, 943 [1991]; *Lysiak v Murray Realty Co.*, 227 AD2d 746, 748 [1996]). Further, neither plaintiff, his employer (the County) nor defendants was engaged in any construction or any other activity covered by section 240 (1) at any time, as only tree removal was occurring on Wing Farm's property. Although construction of a beauty salon was reportedly ongoing on the adjacent property, "the record provides no basis for concluding that plaintiff or his employer were in any way involved in that work" (*Rogers v C/S Assoc. Ltd. Partnership I*, 273 AD2d 523, 524 [2000], *lv denied* 95 NY2d 769 [2000]).

Plaintiff and his counsel assert in their affidavits and moving papers that the County's removal of the tree was performed as part of the construction of the salon on the neighboring property. However, these assertions "were completely unsupported with evidence or specific factual references. Accordingly, such contentions were conclusory, [and] without probative value" (*Morales v Westchester Stone Co., Inc.*, 63 AD3d 805, 806 [2009]; *see Enos v Werlatone, Inc.*, 68 AD3d 713, 714 [2009]; *Rivera v Santos*, 35 AD3d 700, 702 [2006]; *Rogers v C/S Assoc. Ltd.*, 273 AD2d at 524; *see also Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 881 [2003]; *Martinez v City of New York*, 93 NY2d 322, 326 [1999] [rejects the "integral and necessary part" of a larger project test for Labor Law § 240 (1) analysis]). There was simply no proof that the County or plaintiff had any role in the salon construction, which was "easily distinguishable" from the tree removal on Wing Farm's adjacent parcel undertaken by the County to facilitate safe ingress and egress to the highway (*Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d at 881; *see Rivera v Santos*, 35 AD3d at 702; *cf. Lombardi v Stout*, 80 NY2d at 296). "[T]he statutory language must not be strained in order to encompass what the Legislature did not intend to include" (*Martinez v City of New York*, 93 NY2d at 326 [internal quotation marks and citations omitted]), and extending Labor Law § 240 (1) liability under these circumstances would do exactly that.

Likewise, Supreme Court correctly dismissed plaintiff's cause of action alleging a violation of Labor Law § 241 (6), as his accident during tree removal did not arise from "construction, excavation or demolition work" (Labor Law § 241 [6]; *see Nagel v D & R Realty Corp.*, 99 NY2d 98, 103 [2002]; *Enos v Werlatone,*

*Inc.*, 68 AD3d at 715). Although "not limited to building sites" (*Mosher v State of New York*, 80 NY2d 286, 288 [1992]), the work in which plaintiff was engaged must have "affected the structural integrity of the building or structure [or have been] an integral part of the construction of a building or structure" (*Walton v Devi Corp.*, 215 AD2d 60, 63 [1995], *lv denied* 87 NY2d 809 [1996]; *accord Sajta v Latham Four Partnership*, 282 AD2d 969, 971 [2001]). Plaintiff was not engaged in any activity covered by this statute and, thus, this claim was properly dismissed.

Peters, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, with costs.