■ LARRY RANDALL, Appellant, v TIME WARNER CABLE, INC., Respondent. [916 NYS2d 656]—

Garry, J. Appeal from an order of the Supreme Court (Demarest, J.), entered July 23, 2010 in St. Lawrence County, which,

among other things, granted defendant's cross motion for summary judgment dismissing the complaint.

Wells Communications Company, LLC contracted with defendant to perform installations, repairs and services for defendant's cable television and Internet subscribers. In August 2006, in the course of their employment with Wells, plaintiff and his supervisor traveled to a subscriber's property located in the Town of Massena, St. Lawrence County to upgrade her service and add a new cable line in a bedroom. The task required them to work both inside and outside the subscriber's house, installing new equipment, wiring and fittings inside the home and replacing a ground cable and modifying certain equipment attached to the overhead wires outside the home. The supervisor testified that when most of the work was complete, he checked to determine whether the upgraded service was functional, found that it was not, and directed plaintiff to replace a filter on the outside cable wires. To carry out this task, plaintiff erected a 28-foot extension ladder with retractable hooks supported by a "hard wire" strung alongside the cable wires. Plaintiff climbed the ladder, replaced the filter, and was descending when the ladder slid sideways along the hard wire. He jumped from the falling ladder and was injured when he struck the ground.

Plaintiff commenced this action alleging negligence and violations of Labor Law § 240 (1) and § 241 (6), and then moved for partial summary judgment as to liability on the Labor Law § 240 (1) claim. Defendant opposed the motion and cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiff's motion and granted the cross motion in its entirety, finding, among other things, that plaintiff's work did not constitute an alteration within the meaning of Labor Law § 240 (1). Plaintiff appeals.*

The protections of Labor Law § 240 (1) apply to workers injured during the " 'erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure' " (*Smith v Shell Oil Co.*, 85 NY2d 1000, 1002 [1995], quoting Labor Law § 240 [1]; *accord Kirk v Outokumpu Am. Brass, Inc.*, 33 AD3d 1136, 1137 [2006]). The statutory language is to be "liberally construed to effect its purpose of providing protection to workers" (*Gilbert v Albany Med. Ctr.*, 9 AD3d 643, 644 [2004]). To constitute alteration within the meaning of the stat-

---

* Plaintiff does not challenge the dismissal of his negligence and Labor Law § 241 (6) claims on appeal, and any issues related to said causes of action are deemed abandoned (*see Kirk v Outokumpu Am. Brass, Inc.*, 33 AD3d 1136, 1137 n [2006]).

ute, work must "mak[e] a *significant* physical change to the configuration or composition of the building or structure" (*Joblon v Solow*, 91 NY2d 457, 465 [1998]). Defendant concedes that the work done inside the subscriber's home—involving running wiring into and through walls and drilling holes to accommodate the wiring—made sufficiently significant changes to constitute alteration of the structure (*see Weininger v Hagedorn & Co.*, 91 NY2d 958, 959-960 [1998]; *Smith v Pergament Enters. of S.I.*, 271 AD2d 870, 871 [2000]; *compare Cooper v Time Warner Entertainment-Advance/Newhouse Partnership*, 16 AD3d 1037, 1038 [2005]), but argues that the pertinent inquiry is "what type of work the plaintiff was performing at the time of injury" (*Joblon v Solow*, 91 NY2d at 465). Defendant contends that at the time of his fall, plaintiff was no longer engaged in altering the subscriber's home, but was instead working on an entirely different structure consisting of the outside poles and wires (*see Lewis-Moors v Contel of N.Y.*, 78 NY2d 942, 943 [1991]). In defendant's view, the modification that plaintiff made to the outside structure immediately before his accident—removing a cable filter and screwing in a new one—was a routine task akin to replacing a light bulb, that did not significantly change the poles or wires (*see Smith v Shell Oil Co.*, 85 NY2d at 1002; *Jones v Village of Dannemora*, 27 AD3d 844, 845-846 [2006]), and plaintiff's injury thus fell outside the statutory protection.

We accept plaintiff's argument that this analysis improperly "isolate[s] the moment of injury and ignore[s] the general context of the work" (*Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 882 [2003]), thus disregarding the statutory purpose "to protect workers employed in the enumerated acts, *even while performing duties ancillary to those acts*" (*id.* [emphasis added]). As demonstrated by the record, the work undertaken by plaintiff and his supervisor on the day of the injury involved a series of interconnected steps, all documented by a single work order and all necessary to complete the subscriber's upgrade. The upgrade was not functional and the work was not complete until the final step—replacing the cable filter—was accomplished (*see Smith v Innovative Dynamics, Inc.*, 24 AD3d 1000, 1001 [2005]). Replacement of the filter, though performed outside the house, was part of and not separate from the work that constituted alteration within the statutory purview (*see Fitzpatrick v State of New York*, 25 AD3d 755, 756-757 [2006]; *compare Fairchild v Servidone Constr. Corp.*, 288 AD2d 665, 666-667 [2001]). Further, the filter replacement was not a separate phase of the undertaking readily distinguishable from the alteration (*compare Martinez v City of New York*, 93 NY2d 322, 326 [1999]), but was instead an integral part of the project.

The mere fact that plaintiff was required to complete his assignment by doing part of the work on a separate outdoor structure is irrelevant—in particular since the outside cable wires and equipment were directly connected to the wiring and equipment being installed in the altered structure. Plaintiff "was a member of a team that undertook an enumerated activity" in which he was engaged at the time of his accident (*Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d at 882). Thus, his work was within the protection of Labor Law § 240 (1). As it is undisputed that the cause of the accident was the ladder's failure to provide the required protection, he is entitled to partial summary judgment as to liability under Labor Law § 240 (1) (*see Panek v County of Albany*, 99 NY2d 452, 458 [2003]; *Squires v Marini Bldrs.*, 293 AD2d 808, 808-809 [2002], *lv denied* 99 NY2d 502 [2002]).

Peters, J.P., Lahtinen and McCarthy, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's motion for partial summary judgment on liability as to the Labor Law § 240 (1) cause of action and granted defendant's cross motion for summary judgment dismissing said cause of action; plaintiff's motion granted to that extent, defendant's cross motion denied to that extent and summary judgment awarded to plaintiff on said cause of action; and, as so modified, affirmed.