■ Arcadio Vasquez, Respondent, v George Minadis, Also Known as Georgios Minadis, Defendant, and Langsam Property Services, Corp., et al., Appellants. [927 NYS2d 670]—

The appellants owned a three-story building (hereinafter the premises) occupied by Artamus Restaurant Equipment Company, Inc. (hereinafter Artamus), a restaurant supply business. The plaintiff worked for Artamus as a general handyman, and lived in an apartment in a building adjacent to the premises. On February 14, 2008, at the invitation of the appellants, a roofer came to the premises to investigate a reported problem with leaks from the roof of the premises. The plaintiff testified at his deposition that access to the roof from inside the premises through the stairwell was permanently sealed off by the appellants, so his supervisor directed him to take the roofer to his apartment to climb through his kitchen window to the roof of the premises. While attempting to re-enter his apartment, the plaintiff slipped and fell three stories onto the concrete ground. The plaintiff commenced this action against, among others, the appellants, to recover damages for personal injuries, alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6), and common-law negligence.

The Supreme Court should have granted those branches of the appellants' cross motion which were for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action insofar as asserted against them. With respect to Labor Law § 240 (1), while "the reach of section 240 (1) is not limited to work performed on actual construction sites, the task in which an injured employee was engaged must have been performed during 'the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure' " (*Martinez v City of New York*, 93 NY2d 322, 326 [1999] [citation omitted]; *see Schroeder v Kalenak Painting & Paperhanging*,

*Inc.*, 7 NY3d 797, 798 [2006]; *Martinez v City of New York*, 73 AD3d 993, 996 [2010]). The statute provides "no protection to a plaintiff injured before any activity listed in the statute was under way" (*Panek v County of Albany*, 99 NY2d 452, 457 [2003]; *see Enos v Werlatone, Inc.*, 68 AD3d 713, 714 [2009]). Here, the appellants established that the work in which the plaintiff was assisting was merely investigatory, and that the plaintiff was not a person employed to perform an activity enumerated under Labor Law § 240 (1) (*see Martinez v City of New York*, 93 NY2d at 326; *Martinez v City of New York*, 73 AD3d at 996; *Enos v Werlatone, Inc.*, 68 AD3d at 714). With respect to Labor Law § 241 (6), the appellants established that the accident did not result from construction, excavation, or demolition work (*see Nagel v D & R Realty Corp.*, 99 NY2d 98, 101 [2002]; *Martinez v City of New York*, 73 AD3d at 996; *Enos v Werlatone, Inc.*, 68 AD3d at 715). In opposition, the plaintiff failed to raise a triable issue of fact.

However, the Supreme Court properly denied those branches of the appellants' cross motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against them. Although the appellants demonstrated that they did not have the authority to supervise or control the plaintiff's work (*see Ortega v Puccia*, 57 AD3d 54, 61-62 [2008]), they did not make a prima facie showing of their entitlement to judgment as a matter of law with respect to the plaintiff's allegation that their act of permanently sealing off access to the roof from inside the premises created a dangerous condition (*see Galindo v Town of Clarkstown*, 2 NY3d 633, 636 [2004]). Rivera, J.P., Dickerson, Lott and Cohen, JJ., concur.