*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 21, 2015                    519820
_____

STEVE CICCHETTI,

                    Appellant,

            v                            MEMORANDUM AND ORDER

TOWER WINDSOR TERRACE, LLC,
    et al.,

                    Respondents.
_____


Calendar Date:  March 24, 2015

Before:  Peters, P.J., Egan Jr., Rose and Lynch, JJ.

                    _____


        Basch & Keegan, LLP, Kingston (Derek J. Spada of counsel),
for appellant.

        MacVean Lewis Sherwin & McDermott, PC, Middletown (Jeffrey
D. Sherwin of counsel), for respondents.

                    _____


Egan Jr., J.

        Appeal from an order of the Supreme Court (Melkonian, J.),
entered February 25, 2014 in Ulster County, which granted
defendants' motion for summary judgment dismissing the complaint.

        At all times relevant, plaintiff was employed as a laborer
and salesperson for Jasper Landscaping, Inc., doing business as
Two Brothers Landscaping & Tree Care.  In September 2008, Two
Brothers was hired to provide certain landscaping services at two
adjacent properties — then separated by a chain-link fence —
owned by defendants.  Specifically, and insofar as is relevant to
this appeal, Two Brothers was tasked with taking down large trees
and brush along this fence line, chipping the brush and removing
all debris and large wood from the site.

On the morning in question, plaintiff and his coworkers arrived at the site with a bucket truck, a wood chipper and a log loader. Because Two Brothers' "climber" – the person who, according to plaintiff, normally performed any elevation work – was out sick that day, plaintiff's boss, Bennett Munch, was in the bucket truck doing the actual cutting. Munch began by "skim[ming] out" a large maple tree near the fence – a process that entailed removing the smaller branches with a chainsaw and, according to Munch, lowering those branches to the ground with ropes. Once all the "roping work" had been completed and only the trunk of the tree remained, Munch began "chunking the log down" by cutting sections of the trunk and allowing them to fall to the ground. While Munch was performing this work, plaintiff was dragging brush from another portion of the property to the wood chipper; in so doing, plaintiff passed underneath the area where Munch was cutting the tree. Although plaintiff and Munch each professed to be aware of what the other was doing, plaintiff passed beneath the tree just as Munch cut off a section of the trunk – measuring approximately eight inches in diameter and two to three feet in length. Plaintiff's coworkers called out a warning but, as plaintiff was wearing ear protection, he did not hear them. As a result, plaintiff was struck on the head by the falling chunk of wood and sustained serious injuries.

Plaintiff thereafter commenced this action against defendants alleging violations of Labor Law §§ 240 (1) and 241 (6). Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted defendants' motion, and this appeal by plaintiff ensued.

Plaintiff, as so limited by his brief,[1] contends that he was engaged in a protected activity at the time of his accident and, therefore, Supreme Court erred in granting defendants' motion for summary judgment with respect to the Labor Law § 240 (1) claim. We disagree. Labor Law § 240 (1) affords protection to workers engaged in the "erection, demolition, repairing, altering, painting, cleaning or pointing of a building or

---

[1] Plaintiff does not challenge the dismissal of his Labor Law § 241 (6) claim.

structure."  Under settled case law, a tree does not qualify as a building or structure (see Lombardi v Stout, 80 NY2d 290, 295-296 [1992]; Juett v Lucente, 112 AD3d 1136, 1136 [2013], lv dismissed 22 NY3d 1166 [2014]; Crossett v Wing Farm, Inc., 79 AD3d 1334, 1336 [2010]), and – generally speaking – neither tree removal (see Enos v Werlatone, Inc., 68 AD3d 713, 714 [2009]) nor tree cutting (see Radoncic v Independence Garden Owners Corp., 67 AD3d 981, 982 [2009]) constitutes one of the enumerated statutory activities.  Although plaintiff correctly notes that a fence qualifies as a structure within the meaning of Labor Law § 240 (1) (see generally Newman v C. Destro Dev. Co., Inc., 46 AD3d 1452, 1452 [2007]; Carino v Webster Place Assoc., LP, 45 AD3d 351, 352 [2007]) and, further, that the statutory protections extend to duties that are ancillary to the enumerated activities set forth therein (see Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 882 [2003]; Bolster v Eastern Bldg. & Restoration, Inc., 96 AD3d 1123, 1123-1124 [2012]; Randall v Time Warner Cable, Inc., 81 AD3d 1149, 1151 [2011]), the fact remains that Labor Law § 240 (1) "afford[s] no protection to a plaintiff [who is] injured before any activity listed in the statute [is] under way" (Panek v County of Albany, 99 NY2d 452, 457 [2003], citing Martinez v City of New York, 93 NY2d 322, 326 [1999]; see Enos v Werlatone, Inc., 68 AD3d at 714; Rivera v Santos, 35 AD3d 700, 702 [2006]; Schroeder v Kalenak Painting & Paperhanging, Inc., 27 AD3d 1097, 1098 [2006], affd 7 NY3d 797 [2006]; Jones v Village of Dannemora, 27 AD3d 844, 845 [2006]; see also Vasquez v Minadis, 86 AD3d 604, 606 [2011]).

Even assuming, as plaintiff contends, that defendants fully intended – as of September 2008 when plaintiff was injured – to remove, i.e., demolish, the fence between the adjoining parcels and that the tree cutting performed by Two Brothers was a necessary prerequisite thereto, the record nonetheless makes clear that the fence removal was not contracted for and/or undertaken until November 2008 and that such demolition work was performed by an unrelated third party.  Inasmuch as the "work undertaken by plaintiff's employer was not performed contemporaneously with the third-party contractor's [removal of the fence] and fell into a separate phase easily distinguishable from other parts" of what plaintiff contended was a larger landscaping project (Jones v Village of Dannemora, 27 AD3d at 845

[internal quotation marks and citation omitted]), plaintiff was not — at the time of his accident — performing duties that were ancillary to a Labor Law § 240 (1) activity.  Contrary to plaintiff's assertion, the fact that the removal of the fence may have been contemplated from the outset is of no moment; it is the timing of such removal — and the fact that it was performed by an unrelated third party — that takes plaintiff's claim outside of the purview and the shelter of Labor Law § 240 (1).  Accordingly, defendants' motion for summary judgment dismissing the complaint was properly granted (see Rivera v Santos, 35 AD3d at 702; Jones v Village of Dannemora, 27 AD3d at 845; see also Panek v County of Albany, 99 NY2d at 457; Crossett v Wing Farm, Inc., 79 AD3d at 1336; compare Prats v Port Auth. of N.Y. & N.J., 100 NY2d at 881-882; Randall v Time Warner Cable, Inc., 81 AD3d at 1151-1152).

Peters, P.J., Rose and Lynch, JJ., concur.


ORDERED that the order is affirmed, with costs.




ENTER:



Robert D. Mayberger
Clerk of the Court