Pyankaroo v Renali Realty Group 1, LLC (2025 NY Slip Op 00202)

Pyankaroo v Renali Realty Group 1, LLC

2025 NY Slip Op 00202

Decided on January 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 14, 2025

Before: Kern, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Index No. 23052/20 Appeal No. 3485 Case No. 2024-01641 

[*1]Peter Pyankaroo, Plaintiff-Appellant,
v
Renali Realty Group 1, LLC, Defendant-Respondent.

Renali Realty Group 1, LLC, Third-Party Plaintiff-Respondent,
v
H&Y Electronics Inc., Doing Business as Galaxy Electronics, Third-Party Defendant-Respondent.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Law Office of Eric D. Feldman, New York (Evy Kazansky of counsel), for Renali Realty Group 1, LLC, respondent.
Harwood Lloyd, LLP, New York (Stephen Wellinghorst of counsel), for H&Y Electronics Inc., respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered December 15, 2023, which, to the extent appealed from, denied plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff fell from a ladder while removing or reattaching a canvas storefront sign that was bolted into the building above the store's front entrance. Plaintiff's activity at the time had the earmarks of routine maintenance, although he contended that his task with the canvas sign had been undertaken to prepare the storefront for the intended work of replacing damaged fluorescent lighting components, including ballasts and conduit-housed wiring, located behind the store's main advertising signs so that a new LED lighting system could be installed. Plaintiff testified that this electrical work was to be performed in conjunction with the business's planned project of replacing the storefront's roll-down security gate on the front of the building, which was to be performed by contractors.
Even assuming plaintiff met his prima facie burden, there are factual issues as to whether this work had begun and was underway at the time of his fall, and thus whether plaintiff was engaged in a covered activity(see Panek v County of Albany, 99 NY2d 452, 457 [2003], citing Martinez v City of New York, 93 NY2d 322, 326 [1999]; see also Knight v Amman & Whitney, Inc., 222 AD3d 407, 407-408 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2025