■ Rose Cuzzi, Plaintiff, v Brook Shopping Center, Inc., et al., Respondents, and Burger King Corporation, Appellant. [731 NYS2d 717] —Order, Supreme Court, Bronx County (Joseph Giamboi, J.), entered December 12, 2000, which, upon granting defendant restaurant's motion to renew and reargue, adhered to a prior order, same court and Justice, entered May 23, 2000, which, in an action for personal injuries sustained in a fall at the threshold of the restaurant abutting defendant landlord/shopping mall's common area, granted the shopping mall's motion for summary judgment dismissing the restaurant's cross claim for indemnification, and denied the restaurant's cross motion to compel disclosure, unanimously affirmed, with costs. Appeal from the order of May 23, 2000, unanimously dismissed, without costs, as superseded by the appeal from the order of December 12, 2000.

The restaurant's cross claim was properly dismissed under the antisubrogation rule (*see, North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294-295), given an issue of fact as to whether plaintiff fell inside or outside the restaurant's leased premises. While it is true that if plaintiff fell outside the premises the accident would not be covered by the restaurant's policy naming the shopping mall as an additional insured, and there would then be no duty on the part of the restaurant's insurer to indemnify the shopping mall, implicating the antisubrogation rule (*see, National Union Fire Ins. Co. v State Ins. Fund*, 222 AD2d 369, 371-372; *Franklin v Stillwater Hydro Partners*, 255 AD2d 998), the antisubrogation rule is implicated not only by an insurer's duty to indemnify but also by its duty

to defend. The duty to defend is broader than the duty to indemnify. It is applicable where, as here, the injured plaintiff's allegations fall within the scope of the risks undertaken by the insurer, even though there is an issue of fact as to ultimate liability (*see, Pavarini Constr. Co. v Liberty Mut. Ins. Co.*, 270 AD2d 98). Indeed, although the parties do not argue the point, the shopping mall may be entitled "at least" to an insurer-sponsored defense as a matter of law, regardless of the precise location of the alleged accident, based on the language in the parties' lease requiring the restaurant to indemnify and procure insurance for the shopping mall for injuries "arising from, related to, or connected with the conduct and operation of Tenant's business in the Leased Premises" (*see, ZKZ Assocs. v CNA Ins. Co.*, 89 NY2d 990).

In view of the foregoing, disclosure in aid of interpretation of the lease provisions describing the premises is unnecessary. In any event, the restaurant should not be heard to argue that the lease is ambiguous as to the precise dimensions of the leased premises, where it first sought to identify such ambiguity in its reply papers on its motion to renew and reargue, and never explained precisely how the disclosure sought would explain the ambiguity. We have considered the restaurant's other arguments and find them unavailing. Concur—Williams, J. P., Andrias, Wallach, Lerner and Marlow, JJ.