■ MARTIN COHEN et al., Respondents, v ROCKEFELLER CENTER, INC., et al., Defendants, BOZZELL WORLDWIDE, INC., et

al., Respondents-Appellants, and HERBERT CONSTRUCTION
COMPANY, INC., Appellant-Respondent and Third-Party
Plaintiff-Appellant. JWP FOREST ELECTRIC CORP., Third-Party
Defendant-Respondent. (And Other Actions.) [733 NYS2d 607]
—Order, Supreme Court, New York County (Edward Lehner,
J.), entered on or about April 12, 2001, which, *inter alia*, (1)
upon reargument, granted the motion of third-party defendant
JWP Forest Electric Corp. summary judgment dismissing de-
fendant third-party plaintiff Herbert Construction Company's
claim against it for contractual indemnification, (2) granted
Time Warner's motion and Herbert Construction's cross mo-
tion for summary judgment insofar as to dismiss plaintiffs'
Labor Law § 241 (6) claims as against them, and (3) denied
Time Warner's motion for summary judgment on its cross
claims against Forest Electric, Herbert and Curtis Partition
Corporation for common-law indemnification, unanimously
modified, on the law and upon a search of the record, to the
extent of awarding summary judgment to defendant Bozzell
Worldwide, Inc. dismissing plaintiff's Labor Law § 241 (6)
claims against it, and of granting Time Warner's motion to the
further extent of granting it summary judgment upon its cross
claim for common-law indemnification from Curtis, and
otherwise affirmed, without costs.

The motion court correctly found on reargument that plaintiff
was not injured while engaged in work covered by the subcon-
tract between Forest Electric and Herbert and, accordingly,
that Herbert is not entitled to contractual indemnification pur-
suant to that subcontract. Our prior order in this matter (284
AD2d 177), affirming the motion court's original determination
that there were factual issues as to whether plaintiff's work at
the time of the accident was covered by the subcontract, is
thus superseded herein on the record presented to us now.

Insofar as the Industrial Code section relied on by plaintiffs
is inapplicable to the facts at bar, there is no basis to sustain
their Labor Law § 241 (6) claim against any of the parties. Ac-
cordingly, defendant Bozzell is entitled to dismissal of this
claim. We further modify to grant defendant Time Warner
summary judgment upon its cross claim for common-law
indemnification against Curtis since the liability of Time
Warner, the owner of the premises at which plaintiff was
injured, is purely statutory and the record establishes that it
was the negligence of a Curtis employee that caused plaintiff's
harm (*see, Leon v J & M Peppe Realty Corp.*, 190 AD2d 400,
411).

We have examined the parties' remaining arguments for af-

firmative relief and find them unavailing. Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Wallach and Marlow, JJ.