■ Martin Cohen et al., Respondents, v Rockefeller Center, Inc., et al., Defendants, Bozzell Worldwide, Inc., et

al., Respondents-Appellants, and HERBERT CONSTRUCTION COMPANY, INC., Appellant-Respondent and Third-Party Plaintiff-Appellant. JWP FOREST ELECTRIC CORP., Third-Party Defendant-Respondent. (And Other Actions.) [744 NYS2d 1] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about April 12, 2001, which, upon reargument, inter alia (a) granted third-party defendant JWP Forest Electric summary judgment dismissing defendant Herbert Construction's third-party claim against it for contractual indemnification, (b) granted the unopposed cross motions by Herbert Construction and Forest Electric for summary judgment dismissing common-law and Labor Law § 200 claims against them, (c) granted defendant Time Warner's motion and Herbert Construction's cross motion for summary judgment insofar as to dismiss plaintiffs' Labor Law § 241 (6) claims against them, and (d) denied Time Warner's motion for summary judgment on its cross claims against Forest Electric, Herbert Construction and third third-party defendant Curtis Partition for common-law indemnification, unanimously modified, on the law, to the extent of granting Time Warner summary judgment on its cross claim for common-law indemnification from Curtis Partition, and upon a search of the record, awarding summary judgment dismissing plaintiffs' Labor Law § 241 (6) claims against defendant Bozzell Worldwide, as well as their common-law and Labor Law § 200 claims against Bozzell Worldwide and Time Warner, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

The motion court correctly found on reargument that the injury was not sustained during work covered by the subcontract between Forest Electric and Herbert Construction; accordingly, Herbert Construction was not entitled to contractual indemnification pursuant to that subcontract. Our prior order in this matter (284 AD2d 177), affirming the IAS court's original determination that there were factual issues as to whether the injured plaintiff's work at the time of the accident was covered by the subcontract, has been superseded by the record now before us.

Our search of the record fails to reveal that Bozzell Worldwide (the proprietary lessee) or Time Warner (the lessee) exercised any authority at the worksite or supervisory control over the subcontractor's operations. Thus, they could not have been liable for the injury under Labor Law § 200 or a common-law theory (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876; *Negroni v East 67th St. Owners*, 249 AD2d 79, 80-81).

Inasmuch as the Industrial Code section relied on by plaintiffs is inapplicable to the facts at bar, there is no basis to sustain their Labor Law § 241 (6) claim against any of the parties. Accordingly, defendant Bozzell Worldwide is also entitled to dismissal of this claim. Furthermore, the record attributes the injury to the negligence of a Curtis Partition employee (*see, Leon v J & M Peppe Realty Corp.*, 190 AD2d 400, 411). Time Warner thus should have been granted summary judgment on its cross claim for common-law indemnification from that employer (*see, Kemp v Lakelands Precast*, 55 NY2d 1032).

We have examined the parties' remaining arguments for appellate relief and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Wallach and Marlow, JJ.

Motion for reargument denied; cross motion for reargument granted and, upon reargument, the decision and order of this Court entered on December 4, 2001 (289 AD2d 24) recalled and vacated and a new decision and order substituted therefor.