■ Phyllis Pitruzello et al., Plaintiffs, v Gelco Builders, Inc., Defendant and Third-Party Plaintiff-Respondent. LS Transit System, Inc., Third-Party Defendant-Respondent and Metro-North Commuter Railroad Company et al., Third-Party Defendants-Appellants. (And a Fourth-Party Action.) [757 NYS2d 280] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered March 26, 2002, insofar as it denied the motion of third-party defendants Metro-North Commuter Railroad Company and Metropolitan Transportation Authority to dismiss the third-party complaint and cross claims, respectively, asserted against them, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of third-party defendants-appellants dismissing the third-party complaint and cross claims as against them.

This action arises out of an accident that occurred on December 5, 1996 when plaintiff Phyllis Pitruzello slipped and fell on an accumulation of ice on the southbound Woodlawn Metro-North train station platform. The area where she fell is described as a "birdbath," or indentation in the cement platform, which had filled with water that had frozen, creating an icy condition. The platform was undergoing a renovation by defendant Gelco Builders, Inc., whose work, as the general contractor of a station improvement project undertaken on behalf of Metro-North Commuter Railroad Company and Metropolitan Transportation Authority (collectively MN/MTA), both third-party defendants herein, was being overseen by LS Transit System, Inc., also a third-party defendant, which had contracted to provide MN/MTA with construction management and inspection services for the project. As required under their contracts with MN/MTA, both Gelco and LS Transit procured general liability insurance—Gelco with Calvert Insurance Co., and LS Transit with Royal Insurance Co.—naming MN/MTA as additional insureds. Both policies were in effect at the time

of the accident. Pursuant to its contract, Gelco was required to procure liability issuance covering MN/MTA for "damages arising out of bodily injuries to or death of any persons in any one occurrence" for work it performed at the Woodlawn station. LS Transit's policy provides that MN/MTA is an additional insured "but only with respect to liability arising out of [LS Transit's] ongoing operations performed for [MN/MTA]." LS Transit's work was still ongoing at the Woodlawn station at the time of the accident.

Plaintiff commenced this action against both Gelco and MN/MTA. Her claims against MN/MTA, however, were subsequently dismissed on statute of limitations grounds. In turn, Gelco, seeking indemnification and contribution, commenced a third-party action against MN/MTA and LS Transit. In separate answers, MN/MTA and LS Transit asserted cross claims against each other. MN/MTA also interposed counterclaims against Gelco. In plaintiff's bill of particulars amplifying her claims of negligence against Gelco, she alleges negligence in permitting and allowing a depression in the cement floor of the Woodlawn station and claims notice in that Gelco created the condition by improperly patching a portion of the platform surface and negligently failed "to achieve the correct composition of cement poured, causing a depression which resulted in the collection of water and ice." Thus, it is clear that plaintiff is claiming that the accident arose out of Gelco's activities in the performance of its contract with MN/MTA for work at the Woodlawn station. After joinder of issue, MN/MTA moved for summary judgment dismissing Gelco's third-party complaint and LS Transit's cross claims on the basis of the antisubrogation rule, which prohibits the assertion of claims by one insured against another. The IAS court denied the motion, finding issues of fact as to which of the parties was responsible for the accident and concluding that if MN/MTA were found solely liable, the insurance coverage question would be obviated. We reverse.

It is a well-settled rule in New York that an insurer "has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered" (*North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294 [1993]). The reason for the rule, as the Court of Appeals noted, is "to prevent the insurer from passing the incidence of loss to its own insured and to guard against the potential for conflict of interest that may affect the insurer's incentive to provide a vigorous defense for its insured" (*id.* at 294-295; *see Alinkofsky v Country-Wide Ins. Co.*, 257 AD2d 70, 73 [1999]). It is clear

that by virtue of plaintiff's claims of negligence against Gelco for its work at the Woodlawn station, and the latter's assertions seeking contribution and indemnity against LS Transit for its negligence in overseeing the work, any liability imposed on MN/MTA therefor would fall within the ambit of the insurance provided for MN/MTA under the Calvert and Royal policies, respectively. The antisubrogation rule is implicated by an insurer's duty to defend as well as its duty to indemnify (*Cuzzi v Brook Shopping Ctr.*, 287 AD2d 403, 403-404 [2001]).

Finally, we note, contrary to Gelco's argument, the risk of loss contract provision relating to the issuance of beneficial use certification by MN/MTA, which was issued pre-accident with respect to the platform at issue, even if applicable to this third-party liability claim for personal injuries, does not exculpate Gelco since article 6.04 (B) of its contract with MN/MTA excepts from the risk of loss provision Gelco's "acts or omissions" in completing the work at the portion "beneficially used." Concur—Tom, J.P., Andrias, Sullivan, Rosenberger and Gonzalez, JJ.