■ MARK GREENFIELD, Respondent, v MACHERICH QUEENS LIMITED PARTNERSHIP et al., Appellants, et al., Defendants. (And a Third-Party Action.) [771 NYS2d 498]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered February 25, 2003, which, insofar as appealed from, granted plaintiff laborer's motion for partial summary judgment on the issue of defendants' liability under Labor Law § 240 (1), and denied defendants' cross motion for summary judgment dismissing the section 240 (1) claim, unanimously affirmed, without costs.

It appears that plaintiff, employed by third-party defendant general contractor as a "project superintendent," was on a "walk-through" of a newly built store leased by defendant mall owner to defendant store owner; that such a walk-through is performed for the purpose of compiling a "punch list" of small unfinished items and last minute changes; and that the manager

of the mall asked plaintiff to cover the store's windows with opaque brown sisal paper to prevent shoppers from seeing an empty store. It further appears that plaintiff then borrowed a ladder from the storeroom of defendant store owner, and, while he was attempting to tape the paper to the store's windows, the ladder collapsed, causing him injury. Construing section 240 (1) liberally so as to accomplish its purpose of protecting workers (*see Martinez v City of New York*, 93 NY2d 322, 326 [1999]), we hold that compiling a punch list is work that falls under the "erection" category of that statute (*cf. Campisi v Epos Contr. Corp.*, 299 AD2d 4, 6 [2002]), and that plaintiff is therefore protected thereby even if he was not directly involved in compiling a punch list when injured (*cf. Reinhart v Long Is. Light. Co.*, 91 AD2d 571 [1982], *appeal dismissed* 58 NY2d 1113 [1983]). Concur—Nardelli, J.P., Ellerin, Williams and Gonzalez, JJ.