■ DAMIEN DOHERTY, Plaintiff, v CITY OF NEW YORK et al., Appellants, and TOTAL SAFETY CONSULTING, INC., Respondent. PMS CONSTRUCTION MANAGEMENT CORP., Third-Party Plaintiff-Appellant, v VAN-TAG CONTRACTING CORP., Third-Party Defendant-Appellant, and TOTAL SAFETY CONSULTING, INC., Third-Party Defendant-Respondent. [791 NYS2d 523]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered May 6, 2004, which granted, on renewal, the motion by defendant and third-party defendant Total Safety Consulting for summary judgment dismissing all claims and cross claims against it, unanimously affirmed, without costs.

Total Safety offered a reasonable excuse for not having submitted the affidavit of plaintiff's coworker, Barr, at the time

the prior motion was made, and its presentation of an affidavit from plaintiff that was not sworn to until the court's original motion had already been decided (*see Tishman Constr. Corp. of N.Y. v City of New York*, 280 AD2d 374 [2001]). The mere fact that disclosure is incomplete does not preclude the grant of summary judgment (*Chemical Bank v PIC Motors Corp.*, 58 NY2d 1023, 1026 [1983]; *Perez v Brux Cab Corp.*, 251 AD2d 157, 160 [1998]). Appellants seek to excuse the deficiencies in their proof by arguing that summary judgment was premature, due to the absence of depositions from plaintiff and Barr, in the hope that these individuals might furnish unspecified information to create triable questions. This is insufficient to warrant denial of the motion where there is no suggestion of the sort of testimony by which Barr and/or plaintiff might attribute some responsibility to Total Safety for the accident. Since Total Safety was not the supplier of safety equipment to the job site, did not direct, supervise or control plaintiff or his coworkers in the performance of their duties, and there is no evidence that it acted negligently or otherwise unreasonably as the site safety consultant, the motion court properly released it from this litigation.

We have considered appellants' remaining arguments and find them unavailing. Concur—Buckley, P.J., Mazzarelli, Ellerin, Williams and Sweeny, JJ.