■ RICCARDO-JURGEN SPADOLA, Appellant, v 260/261 MADISON EQUITIES CORP., Respondent-Appellant, and McHUGH, DIVIN-

CENT & ALESSI, INC., Respondent, et al., Defendant. RICCARDO-JURGEN SPADOLA, Appellant, v MCHUGH, DIVINCENT & ALESSI, INC., Respondent. MCHUGH, DIVINCENT & ALESSI, INC., Third-Party Plaintiff, v CORPORATE FLOORS, INC., Third-Party Defendant-Respondent. CORPORATE FLOORS, INC., Second Third-Party Plaintiff-Respondent, v ACCU SERV FLOOR COVERING MANAGEMENT, Second Third-Party Defendant-Respondent-Appellant. (And Another Third-Party Action.) [798 NYS2d 38]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered April 30, 2004, which, to the extent appealed from as limited by the briefs, granted summary judgment to defendants McHugh, DiVincent & Alessi, 260/261 Madison Equities Corp. and third-party defendant Corporate Floors dismissing the complaint and cross claims against them, and granted Corporate Floors conditional summary judgment as to liability on its additional party claim for common-law negligence against additional defendant Accu Serv Floor Covering Management, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about April 11, 2004, to the extent it denied so much of plaintiff's motion as sought to amend his complaint to assert a direct action as against additional third-party defendant Accu Serv Floor Covering Management, unanimously dismissed, without costs.

Plaintiff, employed by nonparty United Staffing Systems (USS) as a computer technician, was allegedly injured when he slipped and fell on adhesive glue on the second floor of an office building under renovation. USS leased the entire second floor from 260/261 Madison Equities, but prior to assuming occupancy thereof, it embarked on a project to conform the space to its needs. In that connection, it retained McHugh, DiVincent

& Alessi (MDA) as construction manager for the job. MDA, in turn, hired third-party defendant Corporate Floors to supply and install the flooring, and the latter thereafter subcontracted with additional third-party defendant Accu Serv Floor Covering Management to perform the actual installation. As USS prepared to move into its new offices, plaintiff became involved in the planning for the new computer system in the premises, causing him to visit the new space regularly. On the day of the incident, plaintiff attended a meeting at the site with the architect, MDA's project manager and various other individuals.

The motion court properly granted dismissal of plaintiff's cause of action pursuant to Labor Law § 241 (6) on the ground that he was not within the class of persons entitled to invoke the protection of the statute (*see Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 576-577 [1990]). Although an individual need not actually be engaged in physical labor, such as masonry, carpentry, electrical work, welding and plumbing, to be entitled to coverage under the Labor Law (*see Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 881 [2003]; *Griffin v New York City Tr. Auth.*, 16 AD3d 202 [2005]; *Greenfield v Macherich Queens Ltd. Partnership*, 3 AD3d 429, 430 [2004]), the fact remains that plaintiff did not perform work integral or necessary to the completion of the construction project, nor was he "a member of a team that undertook an enumerated activity under a construction contract" or employed by "a company engaged under a contract to carry out an enumerated activity" (*Prats*, 100 NY2d at 882, 883; *see also Gibson v Worthington Div. of McGraw-Edison Co.*, 78 NY2d 1108 [1991]). Instead of working for a company that had been engaged to carry out a specific part of the construction project, plaintiff was a computer technician employed by the entity on whose behalf the renovation work was being performed, and his duties had nothing to do with the construction taking place. Thus, he was not hired to take part in any of the construction work, and did not supervise and/or inspect the progress of that work (*see Campisi v Epos Contr. Corp.*, 299 AD2d 4, 8 [2002]). Plaintiff's task was limited to planning the computer network to be installed once the project was completed.

The court was also warranted in dismissing plaintiff's claim pursuant to Labor Law § 200 as against MDA, the construction manager for the project. Section 200 is "a codification of the common-law duty imposed upon an owner or general contractor to maintain a safe construction site" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]). "An implicit precondition to this duty to provide a safe place to work is that the party

charged with that responsibility have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (*Russin v Picciano & Son,* 54 NY2d 311, 317 [1981]). However, not only is there no evidence that MDA exercised any supervision or control over Accu Serv's work, but the construction manager was apparently not even aware that Corporate Floors had subcontracted some of its work to Accu Serv.

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Saxe, J.P., Ellerin, Sweeny and Catterson, JJ.