■ HENDERSON GREAVES, Plaintiff, v OBAYASHI CORPORATION et al., Appellants, and TOTAL SAFETY CONSULTING, LLC, Respondent, et al., Defendant. OBAYASHI CORPORATION et al., Third-Party Plaintiffs-Appellants, et al., Third-Party Plaintiff, v TOTAL SAFETY CONSULTING, LLC, Third-Party Defendant-Respondent. [877 NYS2d 299]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered June 5, 2008, which, upon reargument, granted defendant Total Safety's motion for summary judgment dismissing plaintiff's Labor Law § 240 (1) cause of action as well as all third-party and cross claims against it, unanimously reversed, on the law, without costs, the motion denied, and the complaint and claims against Total Safety reinstated.

When a concrete wall on which plaintiff was working collapsed, concrete blocks fell against the unsecured scaffold he was standing on, knocking it over and causing him to fall to the ground. The portion of the wall where plaintiff was working was neither braced nor secured, and he was not wearing a harness.

Upon reargument, the court erred in determining that there was no issue of fact as to whether Total Safety had the authority to supervise and control plaintiff's use of the scaffold (*compare Barraco v First Lenox Terrace Assoc.*, 25 AD3d 427, 428 [2006], *with Doherty v City of New York*, 16 AD3d 124 [2005]). The evidence indicates that pursuant to the general contract with defendant Howell, Total Safety's site safety manager was at the work site on a daily basis, inspected the workers and the scaffold several times a day, and was required to "make certain" that the scaffold was properly equipped. Concur—Gonzalez, P.J., Mazzarelli, Saxe, Moskowitz and Richter, JJ. [*See* 2008 NY Slip Op 31529(U).]