■ Terrance Smith, Respondent, v New York City Housing Authority, Appellant, et al., Defendants. [924 NYS2d 337]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered October 20, 2010, which, in an action for personal injuries, denied the motion of defendant New York City Housing Authority (NYCHA) for summary judgment dismissing the complaint as against it, with leave to renew upon completion of discovery, unanimously reversed, on the law, without costs, and

the motion granted. The Clerk is directed to enter judgment in favor of NYCHA dismissing the complaint.

NYCHA established its entitlement to judgment as a matter of law. It submitted, inter alia, an affidavit of a surveyor showing that it neither owned, controlled nor maintained the public staircase upon which plaintiff is alleged to have fallen and sustained injury (see *Grullon v City of New York*, 297 AD2d 261, 262-263 [2002]). In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff submitted a conclusory affirmation from counsel noting a reference to the public stairway in the metes and bounds description contained in the deed to the parcel of land owned by NYCHA which abuts the public staircase. This evidence is plainly insufficient to contradict the surveyor's opinion that the stairway lay outside the bounds of NYCHA-owned property (see *id.*). Accordingly, there is no evidence in the record under which NYCHA could be held liable for plaintiff's injury (*Usman v Alexander's Rego Shopping Ctr., Inc.*, 11 AD3d 450 [2004]).

Furthermore, that discovery had not been completed does not foreclose the grant of summary judgment. Plaintiff failed to put forth any evidence on NYCHA's motion (see *Chemical Bank v PIC Motors Corp.*, 58 NY2d 1023, 1026 [1983]; *Doherty v City of New York*, 16 AD3d 124, 125 [2005]). Concur—Andrias, J.P., Catterson, Renwick and DeGrasse, JJ.