Astrakan v City of New York (2020 NY Slip Op 03276)





Astrakan v City of New York


2020 NY Slip Op 03276


Decided on June 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2020

Richter, J.P., Manzanet-Daniels, Kapnick, Kern, Oing, JJ.


11632 306426/11

[*1] Alexander Astrakan, Plaintiff-Respondent,
v
City of New York, et al., Defendants-Appellants, Northeast and Metro Marine Inc., Defendant.


Schnader, Harrison, Segal & Lewis, LLP, New York (Theodore L. Hecht of counsel), for City of New York and New York City Department of Transportation, appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Jana Slavina Farmer of counsel), for B & H Engineering P.C., appellant.
Grey & Grey, LLP, Farmingdale (Evelyn F. Gross of counsel), for respondent.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about April 16, 2019, which, to the extent appealed from as limited by the briefs, denied defendant B & H Engineering P.C.'s (B & H) motion for summary judgment dismissing the common-law negligence and Labor Law §§ 200, 240(1), and 241(6) claims as against it, and denied defendants City of New York and New York City Department of Transportation's (City) cross claims against it, and denied the City's motion for summary judgment dismissing the complaint and all cross claims against it and on its common-law and contractual indemnification cross claims against B & H, unanimously modified, on the law, to grant B & H's motion except as to the City's cross claim against it for contractual indemnification to the extent not barred by the anti-subrogation rule, and to grant the City's motion as to the complaint and cross claims against it, and otherwise affirmed, without costs.
Supreme Court improvidently exercised its discretion in denying the City's motion for summary judgment as untimely because it was made more than 60 days after the note of issue was filed, in violation of the court's part rules. In fact, at the time of the filing of the note of issue, and for more than 60 days thereafter, the case was assigned to a different part (see Gomez v Penmark Realty Corp., 50 AD3d 607 [1st Dept 2008]), and the City showed that it had complied with the rules of the part to which the case had originally been assigned.
Plaintiff, a bridge inspector, was injured while performing an inspection of a City bridge, pursuant to a contract providing for periodic bridge inspections to determine any necessary future repairs. Upon consideration of the contract and the work performed by plaintiff, it is clear that he was not engaged in an activity within the ambit of Labor Law § 240(1) or 241(6) at the time of his accident (see Martinez v City of New York, 93 NY2d 322, 326 [1999]; Bosse v City of Hornell, 197 AD2d 893, 894 [4th Dept 1993]; Shpizel v Reo Realty & Constr. Co., 288 AD2d 291 [2d Dept 2001]; Russ v State of New York, 267 AD2d 833, 834 [3d Dept 1999]).
Neither the City nor B & H can be held liable for plaintiff's injuries under Labor Law § 200 or the common law, because plaintiff's accident arose from the means and methods by which he gained access to his work, and neither the City nor B & H controlled those means and methods (see Mitchell v New York Univ., 12 AD3d 200 [1st Dept 2004]). Plaintiff does not contest that his Longshore and Harbor Workers' Compensation Act and Jones Act claims against the City must be dismissed.
The City's cross claim against B & H for breach of contract for failure to procure insurance must be dismissed because B & H procured an insurance policy naming the City as an additional insured. To the extent of such coverage, the City and B & H's remaining cross claims against each other are barred by the anti-subrogation rule (see Cuzzi v Brook Shopping Ctr., 287 AD2d 403, 403-404 [1st Dept 2001]). In any event, their cross claims against each other, as well as defendants North East Marine and Metro Marine's cross claims against the City, for common-law indemnification and contribution must be dismissed because neither the City nor B & H was negligent (see Higgins v TST 375 Hudson, L.L.C., 179 AD3d 508, 511 [1st Dept 2020]). To the extent B & H asserts a contractual indemnification claim against the City, the claim must be dismissed because, as B & H acknowledges, there was no contract between them. However, neither side is entitled to summary judgment on the City's claim for contractual indemnification against B & H based on a provision in the City's permit requirements, because the record does not establish whether, to the extent not barred by the anti-subrogation rule, B & H's permit requires it to indemnify the City.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2020
CLERK