Morera v New York City Tr. Auth. (2020 NY Slip Op 07714)





Morera v New York City Tr. Auth.


2020 NY Slip Op 07714


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Friedman, J.P., Renwick, Singh, Kern, Shulman, JJ. 


Index No. 157570/14 Appeal No. 12693 Case No. 2019-5518 

[*1]David Venegas Morera, Plaintiff,
v
The New York City Transit Authority, Defendant, George Comfort & Sons, Inc., et al., Defendants-Respondents.
George Comfort & Sons, Inc., et al., Third-Party Plaintiffs-Respondents,
v
First Quality Maintenance II, LLC, doing business as First Quality Maintenance, Third-Party Defendant-Appellant.


Gallo Vitucci Klar LLP, Woodbury (Anne Marie Garcia of counsel), for appellant.
Mischel & Horn, P.C., New York (Lauren E. Bryant of counsel), for respondents.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered June 17, 2019, which, inter alia, denied the motion of third-party defendant First Quality Maintenance II, LLC (FQM) for summary judgment dismissing the third-party complaint and on its counterclaims for common-law and contractual indemnification against defendants George Comfort & Sons, Inc. and WWP Office, LLC., unanimously modified, on the law, to the extent of dismissing defendants' third-party claim against FQM for breach of contract for failure to procure insurance, and otherwise affirmed, without costs.
This Court previously affirmed a denial of partial summary judgment in favor of plaintiff on his Labor Law § 240(1) claim, finding that there were questions as to whether the equipment provided to him by FQM was adequate for the job of washing windows, or whether plaintiff's fall was caused solely by a falling tile (see 182 AD3d 509 [1st Dept 2020]). Thus, issues of fact exist as to whether the indemnity clause in the Consulting Agreement between the parties was triggered (see Trawally v City of New York, 137 AD3d 492 [1st Dept 2016]), and whether the clause violated General Obligations Law § 5-322.1 (see Margolin v New York Life Ins. Co., 32 NY2d 149, 153 [1973]), making summary resolution of the parties' claims for contractual indemnity against each other premature. The motion court also properly denied FQM's motion seeking common-law indemnity.
Defendants' claim against FQM for breach of a contractual insurance procurement clause, however, should be dismissed. The Consulting Agreement provides that it was defendants who were obligated to purchase insurance to benefit FQM. The accident did not arise out of a second agreement between the parties, titled Cleaning Management Agreement, and thus the insurance procurement clause therein was not triggered (see Cohen v Rockefeller Ctr., 292 AD2d 151 [1st Dept 2002]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020