Pastorino v City of New York (2021 NY Slip Op 00634)





Pastorino v City of New York


2021 NY Slip Op 00634


Decided on February 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Manzanet-Daniels, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 154450/13 595059/16 595385/18 Appeal No. 13057 Case No. 2020-02472 

[*1]Joseph Pastorino, Plaintiff-Appellant-Respondent,
v
The City of New York, Defendant-Respondent, Commodore Maintenance Corp., Defendant-Respondent-Appellant.
Commodore Maintenance Corp., Third-Party Plaintiff-Respondent-Appellant,
v
Ocean Marine Development Corp., Third-Party Defendant-Respondent. [And Another Third-Party Action]


Hofmann & Scheitzer, New York (Timothy F. Schweitzer of counsel), for appellant-respondent.
Bleakley Platt & Schmidt, LLP, White Plains (Vincent W. Crowe of counsel), for respondent-appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for The City of New York, respondent.
Kaufman Dolowich Voluck LLP, Woodbury (Roland A. Vitanza of counsel), for Ocean Marine Development Corp., respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered October 30, 2019, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim as against defendant City of New York (the City), granted the City's motion for summary judgment dismissing the Labor Law § 240(1) claim and so much of the Labor Law § 241(6) claim as based on an alleged violation of Industrial Code (12 NYCRR) § 23-1.7(f) as against it, granted the motion of third-party defendant Ocean Marine Development Corp. (OMDC) for summary judgment on its indemnification counterclaim against defendant Commodore Maintenance Corp. (Commodore), and denied Commodore's cross motion for summary judgment dismissing the complaint as against it, OMDC's counterclaims against it, and the City's cross claims against it, unanimously modified, on the law, to deny the City's and OMDC's motions to the extent appealed, and to grant Commodore's cross motion to the extent appealed, and otherwise affirmed, without costs.
Plaintiff, a dock builder foreman employed by defendant Commodore, was allegedly injured while attempting to ascend from a tugboat onto a barge by stepping on a tire that was hanging from the barge. Commodore contracted with the City to perform construction work on the Broadway Bridge spanning the Harlem River, and leased the tugboat from its owner, OMDC, to perform the work. It is undisputed that the tugboat was a vessel covered by the Longshore and Harbor Workers' Compensation Act (LHWCA) (33 USC § 901 et seq.).
Pursuant to the charter agreement between OMDC and Commodore, Commodore was permitted to use the tugboat "to move the barges from one side of the Broadway Bridge over the Harlem River to the other, [t]o bring fuel to said location as needed and to make available to clean the port sands on site." OMDC also agreed "to make available at Commodore['s] request the Tug to move the barges to locations as requested by [C]ommodore at [the] job location." There is a presumption against the existence of a bareboat charter (see Fitzgerald v A.L. Burbank & Co., 451 F2d 670, 676 [2d Cir 1971]; Quiles v City of New York, 978 F Supp 2d 374, 389 [SD NY 2013]). As the agreement did not provide for the complete and exclusive relinquishment of possession, command, and navigation of the vessel to Commodore, the agreement was therefore not a bareboat charter (see Guzman v Pichirilo, 369 US 698, 699 [1962]). Further, in the absence of a bareboat charter, the LHWCA precludes plaintiff from seeking damages against Commodore (see Pipia v Turner Constr. Co., 114 AD3d 424, 426 [1st Dept 2014], lv dismissed 24 NY3d 1216 [2015]; see also 33 USC § 905[a]), and precludes OMDC from seeking indemnification and contribution from Commodore (see Pipia, 114 AD3d at 428; see also 33 USC § 905[b]).
The court properly found that federal law does not preempt the Labor Law under the circumstances of this case, which arose from [*2]work that was "essentially local in character" (Pipia, 114 AD3d at 426; see Cammon v City of New York, 95 NY2d 583, 590 [2000]). Although the City did not own the tugboat and barge involved in the accident, it may be held liable under Labor Law §§ 240(1) or 241(6) as "the project owner" (Pipia, 114 AD3d at 426).
The court properly found issues of fact as to the availability of a ladder at the time of plaintiff's accident (cf. Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 11 [1st Dept 2011]). Therefore, the court properly denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim as against the City.
The court should have dismissed the City's indemnification and contribution cross claims against Commodore as barred by the anti-subrogation rule since the City was a named additional insured under Commodore's commercial general liability insurance policy covering the work (see e.g. Wesco Ins. Co. v Travelers Prop. Cas. Co. of Am., 188 AD3d 476, 477-78 [1st Dept 2020]). Notwithstanding the insurer's reservation of rights as to whether it will ultimately indemnify the City, the anti-subrogation rule is implicated by the duty to defend, which is broader than the duty to indemnify (see Cuzzi v Brook Shopping Ctr., 287 AD2d 403 [1st Dept 2001]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2021