Harris v City of New York (2022 NY Slip Op 01243)





Harris v City of New York


2022 NY Slip Op 01243


Decided on February 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 24, 2022

Before: Gische, J.P., Kapnick, Kern, Gesmer, Kennedy, JJ. 


Index No. 159346/14 Appeal No. 14757 Case No. 2020-04189 

[*1]Gary Harris, Plaintiff-Respondent,
v
The City of New York et al., Defendants-Respondents, Safety and Quality Plus, Inc., Defendant-Appellant.
The City of New York, Third-Party Plaintiff-Respondent,
v
Safety and Quality Plus, Inc., Third-Party Defendant-Appellant.


Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for appellant.
The Perecman Firm, PLLC, New York (David H. Perecman of counsel), for Gary Harris, respondent.
Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas P. Hurzeler of counsel), for The City of New York, New York City Department of Design and Construction and New York City Department of Environmental Protection, respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered September 15, 2020, which, to the extent appealed from as limited by the briefs, denied the motion by defendants the City of New York (the City), New York City Department of Design and Construction, and New York City Department of Environmental Protection (collectively, the City defendants) for summary judgment dismissing the Labor Law § 241(6) claim as against them and denied the motion by defendant/third-party defendant Safety and Quality Plus, Inc. (SQP) for summary judgment dismissing the City's third-party claim for contractual indemnification, unanimously modified, on the law, to grant SQP's motion, and otherwise affirmed, without costs.
Contrary to plaintiff's contention, SQP is aggrieved by the order appealed from. While SQP obtained dismissal of plaintiff's complaint as against it, it did not obtain dismissal of the City's indemnity claims, which flow from the City's potential liability to plaintiff on his Labor Law § 241(6) claim. Thus, SQP has not been afforded complete relief and has the right to appeal (see Parochial Bus Sys., Inc. v Board of Educ. of City of N.Y., 60 NY2d 539, 544-545 [1983]).
As to the merits, SQP contends that plaintiff's § 241(6) claim against the City Defendants must be dismissed because the City did not have notice of any defect or dangerous condition of the barricade railing system as required for liability pursuant to 12 NYCRR 23-1.5(c)(3). However, SQP did not advance this argument before the motion court, but rather, argued that 12 NYCRR 23-1.5 was too general a provision to support liability. The issue of notice as it relates to 12 NYCRR 23-1.5 is not a purely legal issue appearing on the face of the record and thus cannot be decided on this appeal (see Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408 [1st Dept 2009]).
Further, the City's claim against SQP for contractual indemnification should be dismissed. SQP did not construct or maintain the barricade railing system, nor did its employees remove the part of the top rail over which plaintiff fell. SQP also did not supervise or control plaintiff's work. As a result, plaintiff's accident did not arise out of SQP's work so as to trigger the contract's indemnification provision on that ground (see Cohen v Rockefeller Ctr., 292 AD2d 151, 153 [1st Dept 2002]). Nor did SQP, which submitted evidence that it complied with its contractual obligation to daily inspect the site for hazards, act negligently or otherwise unreasonably so as to trigger the indemnification provision on that ground (see Doherty v City of New York, 16 AD3d 124, 125 [1st Dept 2005]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2022