Nicholson v Sabey Data Ctr. Props., LLC (2022 NY Slip Op 03451)





Nicholson v Sabey Data Ctr. Props., LLC


2022 NY Slip Op 03451


Decided on May 26, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 26, 2022

Before: Kern, J.P., Oing, Singh, Moulton, Scarpulla, JJ. 


Index No. 156351/12 Appeal No. 16013 Case No. 2021-04168 

[*1]Sherlock Nicholson, Plaintiff-Appellant-Respondent,
v
Sabey Data Center Properties, LLC, et al., Defendants-Respondents-Appellants. Young Woo & Assoc., LLC, Defendant.
Sabey Construction, Inc, Third-Party Plaintiff-Appellant,
v
ADCO Electrical Corp., et al., Third-Party Defendants-Respondents.


Sacks and Sacks, LLP, New York (Scott N. Singer of counsel), for appellant-respondent.
Weber Gallagher Simpson Stapleton Fires & Newby LLP, New York (Lisa M. Fitzgerald of counsel), for respondents-appellant/appellant.
Perry, Van Etten, Rozanski & Kutner, LLP, Melville (Joseph K. Strang of counsel), for ADCO Electrical Corp., respondent.
Lewis Brisbois Bisgaard & Smith LLP, New York (Thomas Maroney of counsel), for Select Safety Consulting Services, Inc., respondent.



Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered April 22, 2021, which, insofar as appealed from as limited by the briefs, granted defendants Sabey Data Center Properties, LLC's and Sabey Construction, Inc.'s (together, Sabey defendants) motion for summary judgment dismissing the Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-1.7(e), and the Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) §§ 23-1.5(c), 23-2.1(a)(1), and 23-9.2(a), denied Sabey defendants' motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims, granted third-party defendant ADCO Electrical Corp.'s motion for summary judgment dismissing the third-party claims for contractual indemnification, common-law indemnification, and breach of contract for failure to procure insurance and denied Sabey defendants summary judgment on the same, and denied Sabey defendants summary judgment on the third-party claims for common-law and contractual indemnification against third-party defendant Select Safety Consulting Services, Inc., unanimously modified, on the law, to deny Sabey defendants' motion for summary judgment dismissing the Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-1.7(e) and otherwise affirmed, without costs.
Plaintiff sustained injuries when, while attempting to reverse a pallet jack, the jack suddenly engaged and jumped back, propelling him backwards onto a loose pipe, causing him to fall and the pallet jack to pin his ankle against the pipe. At the time, plaintiff was working at a construction project, moving pallets of cinderblocks from the loading dock to a temporary storage room. Sabey Data owned the premises and Sabey Construction was the construction manager on the project. Sabey Construction subcontracted ADCO for electrical work, and plaintiff's employer, nonparty Cirocco & Ozzimo, Inc., for masonry work. Sabey Construction retained Select Safety as the site safety consultant.
The court should not have granted Sabey defendants' motion for summary judgment dismissing the Labor Law § 241(6) claim predicated on 12 NYCRR 23-1.7(e)(1) and (2). Sabey defendants have not established prima facie that these regulations were not violated. While it was undisputed that the passageway at which plaintiff was working was clear of obstructions, plaintiff testified that the pipe that caused his accident was in a connecting passageway behind him. Plaintiff's testimony also suggests that he tripped on the pipe before the pallet jack fell on him. Thus, his testimony may support a finding of a violation of 12 NYCRR 23-1.7(e)(1). Further, the testimonial evidence of four or five loose pipes on the floor of the storage room may support a finding of "scattered" material in a working area, in violation of 12 NYCRR 23-1.7(e)(2) (see Smith v Hines GS Props., Inc., 29 AD3d 433, 433 [1st Dept 2006]; Canning v Barney's N.Y, 289 AD2d 32, 34 [1st Dept 2001]).
The court correctly [*2]denied Sabey defendants summary judgment dismissing the Labor Law § 241(6) claim predicated on 12 NYCRR 23-1.5(c)(3). Plaintiff's testimony that he had been having problems with the pallet jack, including shortly before the accident when he dropped off the first two pallets of cinderblocks raises an issue of fact as to a violation of that provision.
Plaintiff also raises an issue of fact as to violation of 12 NYCRR 23-2.1(a)(1). Plaintiff testified that he saw four or five pipes, which appeared to have been removed from a nearby stack, scattered in the connecting passageway. Sabey Construction's superintendent also testified that he saw four or five pipes that appeared to have been dislodged from a stack. 
Plaintiff's testimony that the pallet jack had not been working raises an issue of fact as to violation of 12 NYCRR 23-9.2(a) (see Misicki v Caradonna, 12 NY3d 511, 521 [2009]). That Sabey defendants did not have actual notice of the defect does not absolve them of liability, where plaintiff testified that he had given his employer actual notice (id.).
The court correctly denied Sabey defendants summary dismissal of the Labor Law § 200 and common-law negligence claims. Sabey defendants have not demonstrated prima facie that they lacked the requisite control under a means and method theory of liability (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]). Sabey Construction's general superintendent testified that he directed the subcontractors where to store their materials in the storage room, but not how to store them, aside from ensuring that a passageway at least eight-feet wide remained clear. Although the superintendent did not direct the manner in which materials were to be stored, an issue of fact exists as to whether Sabey Construction had control over the activity bringing about the injury, i.e., the placement of the pipes (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352-353 [1998]). Moreover, an issue of fact also exists as to the extent to which the placement of the pipes contributed to plaintiff's injuries.
The court correctly granted ADCO's motion for summary judgment dismissing the third-party claim for common-law indemnification against it and denied Sabey Construction summary judgment on that claim. The record establishes that the pipes involved in the accident did not belong ADCO, and that ADCO's work was not otherwise involved in the accident. Further, as noted, there are issues of fact as to Sabey defendants' negligence (see Naughton v City of New York, 94 AD3d 1, 10 [1st Dept 2012]). As the record establishes that plaintiff's accident was not "caused by the negligence . . . or other improper conduct" of ADCO, the court also properly granted ADCO summary judgment dismissing the third-party claim for contractual indemnification and denied Sabey defendants' motion for summary judgment on the same (see Harris v City of New York, 202 AD3d 624, 625 [1st Dept 2022]). The court also correctly [*3]dismissed the third-party claim for breach of contract for failure to procure insurance and denied Sabey defendants summary judgment on that claim. Although ADCO does not dispute that it did not procure insurance on Sabey defendants' behalf, such failure would not have resulted in any damages, as coverage was not triggered because plaintiff's claims did not arise out of ADCO's "operations" or work (see New York City Hous. Auth. v Merchants Mut. Ins. Co., 44 AD3d 540, 542 [1st Dept 2007]).
The court correctly denied Sabey defendants' motion for summary judgment on the third-party claim for common-law indemnification against Select Safety, in view of the issues of fact as to Sabey defendants' negligence (see Spielmann v 170 Broadway NYC LP, 187 AD3d 492, 494 [1st Dept 2020]). We decline to search the record and grant Select Safety summary judgment dismissing the claim because Select Safety did not file a notice of appeal.
Because the record establishes that plaintiff's accident did not result from "the negligence, breach of contract, breach of warranty (express or implied), violation of applicable law, or other improper conduct of [Select Safety]," we affirm the court's denial of Sabey defendants' motion for summary judgment on that claim.
We also decline to consider Select Safety's arguments to the extent they seek dismissal of plaintiff's claims against Sabey defendants. Select Safety had not raised those arguments before Supreme Court or filed a notice of appeal from the court's order (see Roppolo v Mitsubishi Motor Sales of Am., 278 AD2d 149, 150 [1st Dept 2000]). We also decline to review Select Safety's arguments to reverse the grant of summary judgment to Sabey defendants on the third-party claim for breach of contract against Select Safety, in view of its failure to serve a notice of appeal (see Achidov v ICD Group Intl., 289 AD2d 74 [1st Dept 2001]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 26, 2022