Sarante v Courtlandt Dev., LLC (2025 NY Slip Op 03149)

Sarante v Courtlandt Dev., LLC

2025 NY Slip Op 03149

Decided on May 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 22, 2025

Before: Webber, J.P., Moulton, Friedman, Gesmer, Michael, JJ. 

Index No. 27096/19|Appeal No. 4421|Case No. 2024-04705|

[*1]Jose Sarante, Plaintiff-Respondent,
v
Courtlandt Development, LLC, et al., Defendants-Appellants, A&A Building Consultants, Inc., Defendant.
Courtlandt Development, LLC, Third-Party Plaintiff-Appellant-Respondent,
v
Gold Lion Steel, LLC, Third-Party Defendant-Respondent-Appellant.
AB Capstone Builders Corp., Second-Party Plaintiff-Appellant-Respondent,
v
Gold Lion Steel, LLC, Second Third-Party Defendant-Respondent-Appellant.

Catalano Gallardo & Petropoulos, LLP, Jericho (Renton D. Persaud of counsel), for appellants-respondents.
Gerber, Ciano, Kelly Brady LLP, Buffalo (Brendan T. Fitzpatrick of counsel), for respondent-appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Kenneth J. Gorman of counsel), for respondent.

Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered on or about July 12, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim as against defendant/third-party plaintiff Courtlandt Development, LLC (Courtland), and defendant/second third-party plaintiff AB Capstone Builders Corp.'s (AB Capstone; collectively defendants); denied defendants' cross-motion for summary judgment dismissing the Labor Law § 240(1) claim and the Labor Law § 241(6) claim predicated on a violation of Industrial Code § 23-6.2; denied third-party defendant/second third-party defendant Gold Lion Steel, LLC's (Gold Lion) motions for summary judgment dismissing the Labor Law § 240(1) claim and the Labor Law § 241(6) claim predicated on a violation of Industrial Code § 23-6.2, the third-party complaint, and the second third-party complaint; and partially granted defendants' cross-motion for summary judgment on their third-party claims against Gold Lion to the extent of granting conditional summary judgment on breach of contract for failure to procure insurance, but denied that cross-motion on their third party claims for contractual indemnification against Gold Lion, unanimously modified, on the law, to dismiss the Labor Law § 241(6) claim, and otherwise affirmed, without costs.
Defendant Courtlandt, the premises owner, contracted with defendant AB Capstone to be its general contractor for the construction project. Defendant AB Capstone subcontracted with third-party defendant Gold Lion to reinforce the building's structure with steel beams. Plaintiff alleges that he was injured while hoisting a heavy steel beam from the basement to the first floor using a chain block pulley system owned by his employer, Gold Lion. The elevated metal poles of the hoist system collapsed, injuring plaintiff.
The court properly granted plaintiff partial summary judgment on his Labor Law § 240(1) claim, as the chain block pulley system was a safety device that failed to protect him from the hazard of a falling object, namely the poles of the device (see Goncalves v New 56th & Park [NY] Owner, LLC, 177 AD3d 468, 468 [1st Dept 2019]). Plaintiff testified that when he used the pulley system to hoist the I-beam, it made contact with three other beams, the pulley hoist system's metal base detached suddenly while making a "pop" sound, and the poles hit his neck. In opposition, Courtlandt, AB Capstone, and Gold Lion failed to raise triable issues of fact regarding whether plaintiff's excessive hoisting was the sole proximate cause of the accident based on the testimony that plaintiff pulled the chain at the direction of a Gold Lion foreman (see Harris v City of New York, 83 AD3d 104, 110-111 [1st Dept 2011]). Any such fault on plaintiff's part would amount to contributory negligence (see e.g. Quiroz v Memorial Hosp. for Cancer & Allied Diseases, 202 AD3d 601, 604 [1st Dept 2022]).
As to defendants' [*2]third-party claims for contractual indemnification against Gold Lion, the court properly denied defendants summary judgment on their contractual indemnification claims against Gold Lion, and properly denied Gold Lion's motion for summary judgment dismissing those claims. Defendants have not demonstrated that Gold Lion's insurance carrier insures them. In its subcontract, Gold Lion agreed to defend and indemnify defendants for claims or losses arising directly or indirectly from Gold Lion's negligence, recklessness, and willful misconduct in the performance of its work. According to the subcontract and the coverage letter from Gold Lion's insurance carrier, defendants are not additional insureds at the present time. In the letter, the carrier agreed to defend defendants based on the "potential for coverage" and further reserved its right to deny coverage for indemnification should there be a determination that Gold Lion is not liable for the loss. "As a rule, an insurer that has paid a claim on behalf of any insured who is only vicariously liable for the loss is entitled to recover the amount paid by way of indemnity from the wrongdoer" (North Star Reins. Corp. v Continental Ins. Co., 82 NY2d 281, 291 [1993]). The right to indemnity "arises by operation of law when the insurer makes payment to the insured" (id. at 294). Therefore, defendants' right to indemnification has not vested.
Furthermore, given that Gold Lion's sole argument is based on the mere future possibility of the anti-subrogation rule's application, the court also properly denied summary judgment dismissal of the claim based on the carrier's uncertain duty to defend or indemnify defendants (see Pastorino v City of New York, 191 AD3d 440 [1st Dept 2021]; Cuzzi v Brook Shopping Ctr., Inc., 287 AD2d 403, 403-404 [1st Dept 2001]).
The court properly denied Gold Lion's motion to dismiss defendants' third-party claims for contribution and common-law indemnification. Gold Lion failed to submit competent medical evidence that plaintiff did not suffer a "grave injury" under Workers Compensation Law § 11 (see O'Flaherty v Columbo, 202 AD3d 509, 510 [1st Dept 2022]).
The court properly denied Gold Lion's motion for summary judgment dismissing defendants' third-party claims for failure to procure excess insurance to satisfy the coverage amount required by the subcontract. Gold Lion failed to refute the affidavit of its owner that the company was not covered by the necessary excess insurance on the date of plaintiff's accident (see Benedetto v Hyatt Corp., 203 AD3d 505, 506 [1st Dept 2022]).
Finally, plaintiff has stated he will not pursue his Labor Law § 241(6) claim predicated on a violation of 12 NYCRR 23-6.2. Thus, that claim is dismissed.
We have considered the remaining contentions and we reject them.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 22, 2025