Lardiere v Site 6 Dsa Owner LLC

2026 NY Slip Op 02204

April 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Rosario Lardiere, Plaintiff-Appellant-Respondent,

v

Site 6 DSA Owner LLC, et al., Defendants-Respondents, BFC Partners, L.P., et al., Defendants,

Site 6 DSA Owner LLC, et al., Third-Party Plaintiff-Respondents,

v

Gil-Bar Industries, Third-Party Defendant-Respondent-Appellant, The Pace Companies New York, Inc., Third-Party Defendant, Peepels Mechanical Corp., Third-Party Defendant-Respondent. And A Second/Third Third-Party Action

Peepels Mechanical Corp., Fourth Third-Party Plaintiff-Respondent,

v

Commodore Construction Corp., et al., Fourth Third-Party Defendants.

Decided and Entered: April 14, 2026

Index No. 153260/18, 595818/18, 595217/20, 596072/21, 595014/24|Appeal No. 6369-6370|Case No. 2024-05381, 2025-00038|

Before: Webber, J.P., Gesmer, Mendez, Pitt-Burke, Hagler, JJ.

Chirico Law PLLC, Brooklyn (Vincent Chirico of counsel), for appellant-respondent.

Westermann Sheehy Samaan & Gillespie, LLP, East Meadow (Peter Samaan of counsel), for respondent-appellant.

Dopf, P.C., New York (Martin B. Adams of counsel), for Site 6 DSA Owner LLC, Site 6 Commercial LLC, Taconic Investment Partners, LLC, L&M Development Partners, Inc., Delancey Street Associates LLC, NYU Langone Health System, Hunter Roberts Construction Group and BFC Phase I DSA, LLC, respondents.

Mauro Lilling Naparty LLP, Woodbury (Glenn A. Kaminska of counsel), for Peepels Mechanical Corp., respondent.

Rawle & Henderson, LLP, New York (Marissa Bosek of counsel), for Pace Companies of New York, respondent.

[*1]

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered August 21, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on liability on his Labor Law §§ 240(1) and 200 claims and his common-law negligence claim, and dismissal of all affirmative defenses sounding in comparative negligence and culpable conduct; (mot seq 9) granted so much of the motion of defendants Site 6 DSA Owner LLC, Site 6 Commercial LLC, Taconic Investment Partners, LLC, s/h/a Taconic Investment Partners, L&M Development Partners, Inc., s/h/a L&M Development Partners, Delancey Street Associates LLC, and BFC Phase I DSA, LLC (collectively, the owners), NYU Langone Health System, and Hunter Roberts Construction Group, s/h/a Hunter Roberts Construction Group, LLC (mot seq 8) as sought dismissal of plaintiff's Labor Law § 240(1) claim as against them, and granted so much of the motion as sought dismissal of the Labor Law § 200 claim as against the owners except for Hunter Roberts; granted so much of the motion of defendant Peepels Mechanical Corp. (mot seq 10) as sought dismissal of plaintiff's Labor Law § 240(1) claim as against it and denied so much of the motion as sought dismissal of plaintiff's Labor Law § 200 claim as against it; and denied the motion of third-party defendant Gil-Bar Industries to dismiss the third-party complaint and all cross-claims against it (mot seq 12), unanimously modified, on the law, to grant plaintiff's motion to the extent it sought dismissal of all affirmative liability defenses against him sounding in comparative negligence and culpable conduct, and to grant Gil-Bar's motion dismissing the third-party complaint and all cross-claims against it, and otherwise affirmed, without costs. Order, Supreme Court, same court and Justice, entered on or about November 13, 2024, which, to the extent appealed from as limited by the briefs, granted so much of the motion of defendant The Pace Companies of New York, Inc. (mot seq 13) as sought reargument of its summary judgment motion, and upon reargument, dismissed plaintiff's Labor Law § 200 claim as against Hunter Roberts and Peepels, unanimously reversed, on the law, without costs, to reinstate the Labor Law § 200 claim as against those defendants.

[*2]

Supreme Court correctly dismissed plaintiff's Labor Law § 240 claim as against the Owners, NYU Langone, Hunter Roberts, and Peepels. The evidence established that plaintiff was not within the class of workers covered by Labor Law § 240(1), which provides special protection to those engaged in the "erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (see Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 880, 882-883 [2003]). Plaintiff was a salesman visiting a construction site where he had brokered the sale of air handlers to Peepels, the HVAC subcontractor; he had no experience or knowledge in HVAC installation and played no construction-related role in the installation of the air handler units (see DeJesus v 935 Bronx River Ave., LLC, 213 AD3d 552, 552-553 [1st Dept 2023]). Furthermore, plaintiff's employer, Gil-Bar, was not engaged by contract to carry out a specific part of the construction project; indeed, it was not a company that performed construction, demolition, or excavation and it had no laborers on staff (see Gibson v Worthington Div. of McGraw-Edison Co., 78 NY2d 1108, 1109 [1991]; Spadola v 260/261 Madison Equities Corp., 19 AD3d 321, 323 [1st Dept 2005]). Even assuming that plaintiff was conducting an inspection of the construction site, he did not perform that inspection as the employee of a contractor tasked with an enumerated activity within the meaning of § 240(a); on the contrary, Gil-Bar's role concerning the HVAC system was solely as to the salesman of component equipment that Peepels would install (see e.g. Astrakan v City of New York, 184 AD3d 444, 445 [1st Dept 2020]; Fabrizio v City of New York, 306 AD2d 87, 87-88 [1st Dept 2003]).

For the same reasons, Supreme Court correctly denied plaintiff's motion for summary judgment on liability on his § 240 claim.

The Labor Law § 200 claims must be reinstated as against Hunter Roberts and Peepels, as Supreme Court erred in finding that plaintiff was not a covered employee under Labor Law § 200. Unlike Labor Law § 240(1), the protection afforded by section 200 is not limited to those who are injured while performing construction work (see Jock v Fien, 80 NY2d 965, 967 [1992]; Lynch v Abax, Inc., 268 AD2d 366, 367 [1st Dept 2000]; Agli v Turner Constr. Co., 246 AD2d 16, 24 [1st Dept 1998]).

[*3]

Nonetheless, plaintiff is not entitled to summary judgment on his § 200 claims against Hunter Roberts or Peepels, as the record presents several questions of fact precluding summary judgment, including the identity of the contractor that cut the hanger rods supporting the pipe that fell on plaintiff, and the circumstances under which that occurred. In addition, the evidence is equivocal as to who cut the supports, why they did so, and whether Hunter Roberts was culpable because it removed the wall which partially supported the pipes and failed to coordinate the trades (see Ponce v City of New York, 217 AD3d 464, 465 [1st Dept 2023], lv dismissed 41 NY3d 963 [2024]; cf. Langer v MTA Cap. Constr. Co., 184 AD3d 401, 402 [1st Dept 2020]). Therefore, this case does not present the rare circumstance in which summary judgment on a negligence cause of action is appropriate (see Langer, 184 AD3d at 402).

Supreme Court should have dismissed all affirmative defenses concerning plaintiff's alleged culpable conduct in the happening of the accident. The record presents no evidence of any act or inaction by plaintiff that caused the accident (see Ortega-Estrada v 215-219 W. 145th St. LLC, 118 AD3d 614, 615 [1st Dept 2014]; Tounkara v Fernicola, 80 AD3d 470, 471 [1st Dept 2011]).

Finally, the third-party complaint against Gil-Bar, along with all cross-claims against it, must be dismissed. Gil-Bar was not a trade that was performing work on the project and played no role in any of the work leading to the accident. The contractual indemnity claims against it also fails, as there is no indemnity agreement that applies here. Although there was a contract between Hunter Roberts and Gil-Bar, that contract was for work entirely different from plaintiff's, and unrelated to the reason he was on site that day (see Cohen v Rockefeller Ctr., 292 AD2d 151, 152 [1st Dept 2002]; see also Harris v City of New York, 202 AD3d 624, 625 [1st Dept 2022]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 14, 2026