■ KITTY LEE et al., Plaintiffs, v ANA DEVELOPMENT CORP., Appellant, and THE HECHT GROUP CORP., Respondent, et al., Defendants. [921 NYS2d 232]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered December 1, 2010, which, in an action for personal injuries, granted the motion of defendant the Hecht Group Corp. (Hecht) for summary judgment dismissing the complaint as against it and sua sponte dismissed the cross claims asserted against it by defendant Ana Development Corp. (ADC), unanimously modified, on the law, to the extent of reinstating the second and third cross claims asserted by ADC against Hecht, and otherwise affirmed, without costs.

Plaintiff Lee alleged that she was injured on the stairway leading to defendant commercial tenant Hecht's office due to the negligence of Hecht and the other defendants. Dismissal of the complaint as against Hecht was appropriate since no triable issues of fact were raised in response to Hecht's prima facie showing that it did not have a duty to maintain the stairway in safe condition and that it did not create a defective condition (*see e.g. Smith v Costco Wholesale Corp.*, 50 AD3d 499 [2008]). The court did not act prematurely in granting summary judgment before any discovery inasmuch as "[a] grant of summary judgment cannot be avoided by a claimed need for discovery unless some evidentiary basis is offered to suggest that discovery may lead to relevant evidence" (*Bailey v New York City Tr. Auth.*, 270 AD2d 156, 157 [2000]).

However, the court improperly dismissed two of the four cross claims asserted by ADC (the owner of the building) against Hecht. While two of the cross claims (first and fourth) are void as a matter of law based on the dismissal of the complaint, in that they are premised on claims that Hecht acted negligently and had a duty with regard to the stairway, the second and third cross claims, which allege that Hecht had contractual obligations to purchase insurance in favor of ADC and to defend and indemnify ADC, are not necessarily precluded. In view of the fact that Hecht neither sought dismissal of these claims nor made a prima facie showing of entitlement to such relief, we modify to the extent indicated (*see Sadkin v Raskin & Rappoport*, 271 AD2d 272 [2000]). Concur—Andrias, J.P., Saxe, Moskowitz, Richter and Manzanet-Daniels, JJ.