Judgment, Supreme Court, New York County (Carol Edmead, J.), entered June 4, 2013, in favor of plaintiff Lee & Associates *515 NYC LLC for the total sum of $178,108.85, unanimously affirmed, without costs.
The motion court properly found in favor of plaintiff broker on the issue of liability. The language of paragraph 13 of the lease rider obligated defendant landlord to pay the “agreed” brokerage fees to the named brokers, i.e., representatives of the defendant landlord and plaintiff broker (see Helmsley-Spear, Inc. v New York Blood Ctr., 257 AD2d 64, 67 [1st Dept 1999]). Plaintiff established that it was the procuring cause of the transaction (see Kenneth D. Laub & Co. v 101 Park Ave. Assoc., 101 AD2d 744, 745 [1st Dept 1984]) through a series of emails with defendant’s representative, extending from March 21, 2012 to May 22, 2012, showing plaintiffs involvement in the essential terms of the lease negotiations. Further, the referee’s award of $164,444, based on plaintiffs testimony regarding the customary rate in the community at the time services were rendered, is a reasonable commission (see Kaplon-Belo Assoc. v Cheng, 258 AD2d 622, 622 [2d Dept 1999]). Since only the amount of plaintiff’s commission remained unresolved, the amount of interest was properly calculated from the date the lease was signed (see CPLR 5001 [b]). We note that contrary to defendant’s contention that it is not part of the brokerage community, it was represented by a licensed broker who could have provided testimony to rebut the reasonableness of plaintiff’s fee, but failed to do so.
The motion for additional discovery was properly denied. Defendant offered no evidence as to what it expected to elicit that would lead to relevant evidence sufficient to defeat the motion for partial summary judgment (see Lee v Ana Dev. Corp., 83 AD3d 545, 546 [1st Dept 2011]).
Concur—Sweeny, J.P, Renwick, Saxe, Freedman and Richter, JJ.