Mironov v Memorial Hosp. for Cancer & Allied Diseases (2021 NY Slip Op 01515)





Mironov v Memorial Hosp. for Cancer & Allied Diseases


2021 NY Slip Op 01515


Decided on March 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Mendez, Shulman, JJ. 


Index No. 155433/17 Appeal No. 13361 Case No. 2020-02672 

[*1]Svetlana Mironov, Plaintiff-Respondent,
v
Memorial Hospital for Cancer and Allied Diseases, et al., Defendants-Respondents, Re Source New Jersey, Inc., Defendant-appellant, WLJ Architecture Engineering, D. P. C., etc., et al., Defendants.


Barry McTiernan & Moore LLC, New York (David H. Schultz of counsel), for appellant.
Meyer, Suozzi, English & Klein, P.C., Garden City (Michael A. Serpico of counsel), for Svetlana Mironov, respondent.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success (Christopher Simone of counsel), for Memorial Hospital for Cancer and Allied Diseases, Hunter Roberts Constructions Group LLC, Orange County Iron Works LLC, A-Val Architectural Metal III LLC, Port Morris Tile & Marble, Corp., Imperial Woodworking Company, West-Fair and Electric Contractors, Inc., respondents.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered on or about April 27, 2019, which denied defendant Re Source New Jersey, Inc.'s motion for summary judgment dismissing the complaint and all cross claims against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Re Source demonstrated conclusively, through its president's affidavit and supporting documentary evidence, including its plans of the project, that it did not perform any work on the staircase where plaintiff fell. Further, it did not perform the type of work depicted in the photograph of the area, i.e., the design and installation of a concrete staircase. Rather, Re Source's contract work, as shown on its plans, was the installation of a rubber flooring system at two other sets of stairs; a materials bill of lading lists rubber and vinyl stair treads, risers, and landing tiling. A photograph of the subject staircase shows that no installation of that kind was performed at that location.
The opponents of Re Source's motion on the ground that it is premature, while implying that Re Source's affiant is incorrect, failed to make the requisite showing that discovery may lead to evidence justifying opposition (see CPLR 3212[f]; Lee v Ana Dev. Corp., 83 AD3d 545, 546 [1st Dept 2011]; Guerrero v Milla, 135 AD3d 635 [1st Dept 2016]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2021