Upson v Oliveira Contr. Inc. (2022 NY Slip Op 00070)





Upson v Oliveira Contr. Inc.


2022 NY Slip Op 00070


Decided on January 06, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 06, 2022

Before: Kern, J.P., Mazzarelli, Gesmer, González, Higgitt, JJ. 


Index No. 31657/18E Appeal No. 14986 Case No. 2021-02195 

[*1]Shaiqueen Upson, Plaintiff,
v
Oliveira Contracting Inc., Defendant- Appellant, Metro Paving LLC, Defendant-Respondent.


Kerley, Walsh, Matera & Cinquemani, P.C., Seaford (Lauren B. Bristol of counsel), for appellant.
Bartlett LLP, Central Islip (Robert G. Vizza of counsel), for respondent.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about December 11, 2020, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Metro Paving LLC (Metro) for summary judgment dismissing the complaint and all cross claims as against it, and denied so much of the motion of defendant Oliveira Contracting, Inc. (Oliveira) for summary judgment on its contractual indemnification cross claim against Metro, unanimously affirmed, without costs.
The records of and witness affidavits from officers and employees of both Metro and Oliveira establish that Metro did not perform any work at the accident site until five days after plaintiff fell. Thus, summary judgment was properly granted to it (see Mironov v Memorial Hosp. for Cancer & Allied Diseases, 192 AD3d 514 [1st Dept 2021]; Young v Associated Blind Hous. Dev. Fund Corp., 172 AD3d 407 [1st Dept 2019]; Amini v Arena Constr. Co., Inc., 110 AD3d 414 [1st Dept 2013]). Moreover, since plaintiff's accident did not arise out of Metro's work, the indemnity provision in its contract with Oliveira was not triggered, warranting dismissal of that claim as well (see Morera v New York City Transit Auth., 189 AD3d 630 [1st Dept 2020]; Cohen v Rockefeller Ctr., 292 AD2d 151 [1st Dept 2002]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2022